Bolton *v.* Howell and Another.

---

### Bolton *v.* Howell and Another.

Where a judgment is rendered on a special finding of facts, and there is any evidence tending to establish the existence of the facts necessary to uphold the judgment in point of law, and there is nothing indicating any other error, mistake, or wrong, except mere error of opinion on evidence, this Court will not grant a new trial.

APPEAL from the *Vigo* Circuit Court.

PERKINS, J.—*Bolton* sued *Howell* to recover possession of real estate, alleging title and right of possession in himself.

In a separate paragraph he further alleged that *Howell*, the defendant, was committing waste by the removal of timber, &c., and prayed that he be enjoined, &c., and, on bond being filed, a temporary restraining order was made to operate till notice could be given and both parties heard, &c. At the

term following the defendant answered, setting up in some paragraphs a legal, in some an equitable title.

The plaintiff replied in denial.

The pleadings, subsequent to the complaint, are unimportant, as the merits of the case were triable upon the general denial of that.

The case was submitted to the Court who found for the defendant, and, over a motion for a new trial, rendered final judgment upon the finding. The Court found the facts specially upon which the final judgment, as a conclusion of law, rested. Those facts were that the plaintiff was the mortgagee of the land sought to be recovered, and that the defendant was his mortgagor, and was in possession.

Now, if the Court was right in its finding of facts, its conclusion of law was in accordance with the statute of this State, and the final judgment was correct.

Here, then, we have a case where, if error exists at all, the error is one of fact. But whose province is it to determine questions of fact? In the civil law, as administered through our old Court of Chancery, the judges decided both the law and the facts—jury trial was not a part of the system. But, at common law, the leading idea in theory of a trial was that questions of fact and law should be kept distinct, and be decided by different tribunals; the maxim was, the jury respond to the facts, the court to the law. Our constitution and civil code have established the common law mode of trial for all civil causes. The Court, as such, decides only questions of law. The facts are for the jury, or the person accepted as and for a jury, to decide in each case.

The machinery employed, in common law trials, for referring the questions of law to one tribunal and of facts to another, consists in demurrers, motions, instructions, special findings, special verdicts, reports of referees, commissioners, &c.

But, notwithstanding questions of fact are for the jury, still that tribunal may abuse its powers, may misconduct itself in the exercise of them, or be misled by the Court presiding at the trial. As a corrective, where wrong is done by such abuse, the Court is authorized to grant a new trial. In the catalogue of causes for a new trial, however, mere error of judgment, in the jury, upon the facts, can not be placed; for that would be, in effect, taking away trial by jury of the facts. If the Court, whenever it differed with the jury in its judgment on the facts, could grant a new trial, it would be an idle ceremony to give the cause to the jury at all. The Court, acting as such, might as well, at once, assume the prerogative of deciding the law and the facts, and dispense with a jury altogether.

Where, then, there is any evidence tending to sustain the finding upon the facts—that is, tending to establish the existence of the facts necessary to uphold the judgment in point of law, and there is nothing indicating any other error, misleading, mistake, or wrong, except mere error of opinion upon evidence, this Court should not interfere to grant a new trial. In the case at bar, then, even did the record show that it contained all the evidence, we could not disturb the judgment of the Circuit Court.

*Per Curiam.*—The judgment is affirmed with costs.

*J. P. Usher,* for the appellant.

*S. B. Gookins,* for the appellees.