## KELLY v. LENIHAN ET AL.

MORTGAGE.—*Judgment.*—*Priority of Lien.*—*Fraud.*—A mortgage upon real estate, executed fraudulently or without consideration, by the owner, in favor of another, prior in point of time and lien to that of a judgment rendered against such owner, in favor of a third person, may, in an action by the mortgagee, against such owner and such judgment creditor, to foreclose such mortgage, be subjected to the priority of such judgment.

From the Tippecanoe Circuit Court.

*H. W Chase, J. A. Wilstach* and *F. S. Chase*, for appellant.

*J. M LaRue* and *R. P. DeHart*, for appellees.

PERKINS, C. J.—John Kelly brought suit against Johanna Lenihan, to foreclose three mortgages, given by her on a

certain piece of real estate. He made William Kelsey and Maria Kelsey, his wife, defendants, that they might answer as to the lien of a judgment recovered by them against said Johanna.

Johanna made default. The Kelseys answered that the mortgages were fraudulent, without consideration, and should be postponed, as liens, to their judgment.

Reply in denial; trial by jury; verdict for Kelly, plaintiff and appellant, and judgment thereon, over a motion for a new trial, as follows:

"It is therefore considered by the court, that the plaintiff do have and recover of the defendant Johanna Lenihan the sum of twenty-three hundred and ninety-nine dollars and forty-seven cents, and costs, * * * and that on the expiration of the stay of execution, said real estate described as follows:" (description omitted,) "be sold," etc. "It is further ordered," etc., "that four hundred and fifteen dollars of the above decree, being the amount secured by the mortgages originally given to John R. Coffroth and Thomas B. Ward, and the costs of this proceeding, are the first lien on said mortgaged premises; that the judgment in favor of the defendants Maria Kelsey and William Kelsey is the second lien on said mortgaged premises, and that the remainder of the judgment of said plaintiff against the defendant Johanna Lenihan is to be the third lien on the mortgaged premises, and that the money arising from the sale be distributed accordingly."

The case is shortly this: Thomas B. Ward held a mortgage on the premises of Johanna Lenihan. John R. Coffroth had a mortgage on the same premises. These two mortgages were dated January 7th, 1874, and were given for attorneys' fees.

On the 27th day of January, 1874, said Johanna executed to John Kelly a mortgage for sixteen hundred dollars. Kelly's mortgage being junior to those of Ward

and Coffroth, he obtained assignment of those mortgages and thus became owner of the three, on which this suit to foreclose was brought.

On the 12th day of May, 1873, William Kelsey and Maria, his wife, commenced a suit in the Tippecanoe Circuit Court, against said Johanna Lenihan, for a tort committed on said Maria, by, among other acts, biting off one of her fingers, the plaintiffs claiming in said suit a large sum in damages; the trial of which suit was delayed till the 22d day of February, 1875, when the plaintiffs obtained judgment against said Johanna for fifteen hundred dollars. This is the judgment which the court, in the case now under consideration, gave priority as a lien over the sixteen-hundred-dollar mortgage, described in and made a part of the complaint of John Kelly, in the case now before us, and the giving of which priority is the act complained of on the appeal to this court.

The jury found that the mortgage was fraudulent and without consideration; that is, they found generally for the defendants Kelseys on the issues of fraud and want of consideration. On the motion for a new trial, the court refused to disturb the finding of the jury, and rendered a decree upon it, postponing the mortgage to Kelly to said judgment of the Kelseys.

The overruling of the motion for a new trial is the only error assigned in this court; and the only ground specified for a new trial was, that the verdict was contrary to the evidence. No instruction of the court to the jury is complained of, nor is any ruling admitting or excluding evidence. It is a case, where, upon legal evidence and correct instructions as to the law, an unobjectionable jury, conducting itself with propriety during its deliberations, found the verdict, asserted to be erroneous, but which the court below refused to set aside, as being so. It is a case, where the question to be decided by the jury was, whether a certain transaction was, in fact, fraudulent, and which they found to be so. And where " fraud is a

question of fact, and not of law, it is the peculiar province of the jury to decide upon the facts, the credibility of the witnesses, and the weight and effect of the evidence. Fraud may be found from circumstances as well as from positive evidence." *Rhodes* v. *Green*, 36 Ind. 7, 15.

It was necessary that the mortgage should be shown to have been executed fraudulently, and that the mortgagee, Kelly, was a party to the fraud, or that it was executed without consideration.

We have read the evidence, and we think, in the light of the following cases, which very fully discuss the rule of law involved in this, we can not decide that the court below erred, in overruling the motion for a new trial: *Bolton* v. *Howell*, 18 Ind. 181; *The Madison, etc., R. R. Co.* v. *Taffe*, 37 Ind. 361; *Cox* v. *The State*, 49 Ind. 568.

We do not think it necessary to set out the evidence.

The judgment is affirmed, with costs.