No. 14,670.

## STRAIGHT v. ROBERTS ET AL.

**FRAUDULENT CONVEYANCE.**—*Evidence of Fraud.*—Where a mortgage is founded upon a valuable consideration it will not be decreed void unless the mortgagee united with the mortgagor to defraud the creditors of the latter. If, in such a case, there is no affirmative evidence of fraud on the part of the mortgagee, the mortgage will stand.

**SAME.**—*Mortgage to Creditor.* — *Preference of Creditor.*—Where a chattel mortgage was executed to secure a debt due the mortgagee, knowledge that a verdict had been returned against the mortgagor, which he was unable to pay, did not make it a fraud on the part of the mortgagee to take the security, as a creditor may obtain a preference from his debtor.

From the Benton Circuit Court.

*D. E. Straight* and *D. Fraser*, for appellant.

*M. H. Walker* and *G. H. Gray*, for appellees.

ELLIOTT, J.—The appellant assails a chattel mortgage executed to the appellee, Richard B. Roberts, by his brother and co-appellee, Carroll K. Roberts, upon the ground that it was fraudulent.

The only point made against the finding of the trial court is that it is contrary to the evidence, but we are required by a long settled rule to adjudge that the point is not well taken, for there is evidence supporting the finding. It appears that the chattel mortgage was executed to secure a debt due the mortgagee, and hence it was supported by a sufficient consideration. It is a familiar rule that where a mortgage is founded upon a valuable consideration it will not be decreed void unless the mortgagee united with the mortgagor to defraud the creditors of the latter. If there is in such a case no affirmative evidence of fraud on the part of the mortgagee, the mortgage will stand. We think there was no evidence of that character in this instance sufficient to justify us in setting aside the finding of the trial court. The mortgagee, it is true, knew that a verdict had been returned against the mortgagor, and, knew, also, it may, perhaps, be

inferred, that the mortgagor was unable to pay the sum named in the verdict, but this knowledge did not make it a fraud on the part of the mortgagee to take security for a debt due him, for it is well settled that a creditor may obtain a preference from his debtor. *Lord* v. *Fisher*, 19 Ind. 7; *Wilcoxson* v. *Annesley*, 23 Ind. 285; *McGoldrick* v. *Slevin*, 43 Ind. 522; *Brookville Nat'l Bank* v. *Kimble*, 76 Ind. 195; *Boling* v. *Howell*, 93 Ind. 329.

There may be circumstances indicative of fraud, but they do not outweigh the evidence, which the trial court accepted as trustworthy.

Judgment affirmed.

