Rownd v. State.

### ROWND ET AL. v. THE STATE ET AL.

[No. 18,643.   Filed Nov. 18, 1898.   Rehearing denied Dec. 30, 1898.]

MARSHALING ASSETS. — Liens.—Judgments. —Complaint.— A complaint by a judgment creditor to set aside certain chattel mortgages upon property levied upon, and to sell said encumbered property, and marshal the assets and distribute the same to the persons holding liens thereon according to their priority, and for the appointment of a receiver is sufficient without any allegations as to fraudulent intent and purpose in the execution of the mortgages. *p. 41.*

SAME.—Liens.—Where one has a lien on two or more funds as security for a debt, and another has a lien on one only of such funds, and others have liens, some on all of such funds, and some only on a part thereof, a bill to marshal the assets will lie.   *p. 41.*

PLEADING.—Demurrer.—Joint Demurrer.—Practice.—A demurrer to two paragraphs of answer for the reason that "neither of said paragraphs of answer states facts sufficient to constitute a good defense to either of said cross-complaints," is joint, and not several, and if either paragraph of answer was good the demurrer was properly overruled.   *p. 42.*

APPEAL AND ERROR.—Evidence.—Weight of.—Fraud.— Where there

Rownd *v.* State.

is competent evidence, either direct or circumstantial, which sustains the finding by the trial court of fraud in the execution of a mortgage to secure creditors, the Supreme Court will not disturb the finding on the weight of the evidence. *p. 43.*

PRINCIPAL AND SURETY.—*Mortgage Executed by Principal in Fraud of Creditors.*—A surety who accepts a mortgage, obtained by his cosurety, executed by the principal to such sureties jointly, in fraud of creditors, takes the same charged with all of the infirmities affecting it by reason of the participation of the cosurety in the fraud, although such surety had no knowledge of the mortgage until after it was executed and recorded. *p. 45.*

APPEAL AND ERROR.—*Rehearing.*—A rehearing will not be granted in order that either party may file additional briefs, or request an oral argument; requests for time to file additional briefs, and for an oral argument, must be seasonably made. *p. 46.*

SAME.—*Rehearing.*—The fact that the Clerk of the Supreme Court may have expressed an opinion as to when a case would be decided, or that the parties were negotiating as to a compromise of the cause, is no excuse for a failure to make application for time to file additional briefs, and for an oral argument before the decision of the cause. *p. 46.*

From the Clark Circuit Court. *Affirmed.*

*Rankin & Rector, T. E. Powell, C. L. Jewett* and *H. E. Jewett,* for appellants.

*W. A. Ketcham,* Attorney-General, for State.

MONKS, J.—This action was brought by the appellee, the State of Indiana, against appellants. Appellants Rownd and Gray alone assign errors. Those not waived are as follows: (1) That the complaint does not state facts sufficient to constitute a cause of action. (2) The court erred in overruling the demurrer of the appellants Robert M. Rownd and David S. Gray to the second paragraph of the answer of the appellee, the State of Indiana, to the cross-complaint of said appellants Rownd and Gray. (3) The court erred in overruling the demurrer of the appellants Robert M. Rownd and David S. Gray to the third paragraph of the answer of the appellee, the State of Indiana, to the cross-complaint of the appellants Rownd and Gray. (4) The court erred in

overruling the joint and several motions of Rownd and Gray for a new trial.

It is first insisted that the complaint stated no cause of action against Rownd and Gray. The State of Indiana recovered a judgment in the court below against one Patton who owned manufacturing plants in Clark and Delaware counties in this State, and caused executions to be issued on said judgment to said counties and levied upon said plants. Said property appeared to be encumbered by liens held by different persons, and the State commenced this action for the appointment of a receiver, to set aside certain chattel mortgages upon a part of said property levied upon, (one of which was held by the appellants, Rownd and Gray), on the grounds that they were executed to hinder, delay, and defraud the creditors of said Patton, and to sell said encumbered property and marshal the assets of said Patton and distribute the same to the persons holding liens thereon according to their priority.

The only objection urged against the complaint by Rownd and Gray is, that the allegations of fraud are not sufficient to avoid the mortgage executed to them by said Patton, and that therefore the complaint did not state facts sufficient to constitute a cause of action against them. The complaint was sufficient as to said appellants, even if all the allegations of fraudulent intent and purpose, in the execution and acceptance of said mortgage, had been omitted therefrom. It is well established that courts of equity have jurisdiction to marshal the assets and securities of a debtor. The general principle is that if one party has a lien on or an interest in two or more funds as security for a debt, and another party has a lien on or interest in one only of those funds for another debt, and others have liens, some on all of said funds, and some only on a part thereof, as in this case, that a bill to marshal the assets will lie. I Story Eq. Jur., Chapter 13; Pom. Eq. Jur., section 112, section 410, section 186, and section 1414; *Ostrander* v. *Weber*, 114 N. Y. 95; *Reilly*

v. *Mayer*, 12 N. J. Eq. 55; *Van Mater* v. *Ely and Holmes*, 12 N. J. Eq. 271.

It is next insisted that the court erred in overruling the demurrer of Rownd and Gray to the second and third paragraphs of the answer of the State of Indiana to the cross-complaint of said Rownd and Gray. Rownd and Gray each filed a separate cross-complaint, upon notes executed by said Patton to them, and the chattel mortgage executed to secure said notes, on certain property upon which the execution, issued on the judgment in favor of the State, had been levied. It was alleged that said chattel mortgage was a first lien on the property described therein and asked for an order that the proceeds of such property be first applied by the receiver to the payment of the claims of said appellants. The State of Indiana filed an answer in four paragraphs to said cross-complaints of Rownd and Gray. Appellants Rownd and Gray filed a demurrer to the second and third paragraphs of said answer in the following form: "The defendants, Robert M. Rownd and David S. Gray, demur to the second and third paragraphs of the answer to the cross-complaint of said defendants Rownd and Gray, and for cause of demurrer say neither of said paragraphs of answer state facts sufficient to constitute a good defense to either of said cross-complaints." This demurrer was joint and not several. *Cooper* v. *Hayes*, 96 Ind. 386, and cases cited; *Stone, Adm.*, v. *State, ex rel.*, 75 Ind. 235, 236; *Silvers* v. *Junction R. Co.*, 43 Ind. 435; *Stanford* v. *Davis*, 54 Ind. 45.

It follows that if either said second or third paragraph of said answer was good, the demurrer was properly overruled. The second paragraph of answer was a plea of payment, and said appellants do not claim that said paragraph was not good, but assail the third paragraph of answer only. As said second paragraph of answer was sufficient, the court did not err in overruling the demurrer, even if the third paragraph was not good. *City of Plymouth* v. *Milner*, 117 Ind. 324, 325; *Durham* v. *Hiatt*, 127 Ind. 514-519.

Rownd v. State.

It is contended by appellants Rownd and Gray that the finding of the court was not sustained by the evidence. It is insisted in their brief that the controlling question is whether the evidence shows that "Rownd and Gray participated with Patton in any fraud by which the State of Indiana suffered, or by which they intended that the State of Indiana should suffer."

It is true, as insisted by said appellants, that in this State, an insolvent debtor may in good faith prefer one *bona fide* creditor to the exclusion of others, and a mortgage or other security given in good faith to secure a *bona fide* indebtedness, and accepted in good faith for that purpose, cannot be set aside by the other creditors on the ground that the giving and accepting of such security may result in defeating their claims. *Levering* v. *Bimel*, 146 Ind. 545; *Straight* v. *Roberts*, 126 Ind. 383; *Gilbert* v. *McCorkle*, 110 Ind. 215. But if Patton executed the chattel mortgage in controversy to appellants Rownd and Gray with the fraudulent intent to cheat, hinder, delay, or defraud his creditors, and they were injured thereby, and said appellants participated in such fraud, it is clear that such mortgage may, in an action brought by one or more of the creditors, be set aside. It is not necessary, however, to establish the charge of fraud by direct and positive proof. As a general rule men do not perpetrate fraud openly, but the attempt is made to carry out the fraudulent purpose in such a way as to conceal the real intent and purpose and give it the appearance of fairness and honesty, and thus baffle detection. Fraud is therefore usually established by circumstantial evidence. Conduct which standing alone would seem innocent and harmless when considered in connection with other facts and circumstances may furnish sufficient grounds to sustain an inference of fraud. It is "usually shown by the outlook," the circumstances and environments of the transaction, and the situation and relations of the parties, and must be tested by our

Rownd *v.* State.

knowledge of human nature, and the motives and purposes which move men in the ordinary transactions and affairs of life." Wait on Fraud. Conv. (3rd ed.), pp. 15, 16.

As was said in Bump on Fraud. Conv. (4th ed.), p. 592, "The frequency of frauds upon creditors, the difficulty of detection, the powerful motives which tempt an insolvent man to commit it, and the plausible casuistry with which it is sometimes reconciled to the consciences even of persons whose previous lives have been without reproach, are considerations which prevent its classification among the grossly improbable violations of moral duty, and often permit it to be presumed from facts, which may seem slight. How much evidence is required to raise a presumption of actual fraud cannot be determined according to any inflexible rule."

Whether said Patton executed the chattel mortgage to said appellants with the fraudulent intent charged, and whether said appellants participated therein, were questions of fact to be determined by the trial court. *Kelly* v. *Lenihan,* 56 Ind. 448, 450, 451; *Rhodes* v. *Green,* 36 Ind. 7. This court said in *Rhodes* v. *Green, supra,* "Since fraud is a question of fact, and not of law, it is the peculiar province of the jury to decide upon the facts, the credibility of the witnesses, and the weight and effect of the evidence. Fraud may be found from circumstances as well as from positive evidence." What was said in regard to the province of the jury in said case applies with equal force to the court in this case as the trier of the facts. If there was competent evidence, either direct, circumstantial, or both, which sustains the finding, this court cannot disturb the same on the weight of the evidence.

After a careful examination of the evidence, we cannot say that the finding of the court was not sustained thereby. As there was competent evidence which satisfied the trial court, we cannot disturb the finding. Judgment affirmed.

Rownd v. State.

## ON PETITION FOR REHEARING.

PER CURIAM.—Appellant Gray alone has filed a petition for a rehearing. The only question discussed in the brief on petition for rehearing is that the evidence does not sustain the finding of the trial court against Rownd and Gray. It is insisted that appellant Gray, under the evidence, does not "stand in precisely the same condition as Rownd." Rownd and Gray were secured by the same chattel mortgage, executed to them jointly, and the notes secured thereby were payable to them jointly. It is true that Mr. Gray had no knowledge of the execution of the notes and chattel mortgage until after the mortgage was recorded; but, in the acceptance of said mortgage and notes Rownd acted for both and was the agent of Gray, and notice and participation in the fraudulent purpose by Rownd was notice and participation by Gray. When Gray accepted the benefits of the mortgage, the result of the meeting and arrangement with Patton, he accepted it charged with all the infirmities affecting it in the hands of Rownd. The fact that the notes secured by the mortgage were executed to Rownd and Gray on account of their liability as the sureties for Patton, which they might not be compelled to pay, or that, if Gray paid the indebtedness for which they were sureties, that he alone could maintain an action against Patton, does not change the rule. If the mortgage secured notes payable to Gray alone, the rule would be the same, because, whenever any person accepts the benefits of a contract made by another as his agent, he is charged with every infirmity that would affect the contract against the agent if the agent had been acting and contracting for himself and in his own name.

It is also insisted that there can be no possible ground for holding that the evidence discloses any fraudulent purpose and conduct on the part of appellant Gray that in any way distinguishes his security from that of the Muncie National Bank, which the trial court held good. The mort-

gage executed to the Muncie National Bank is not called in question by any assignment of error in this court, nor is that question before us for decision. It is not proper, therefore, for us to determine whether or not the trial court erred in finding in favor of said bank. The admission by appellant that the finding in favor of the bank was correct does not authorize or require this court to adjudge that therefore the finding against said appellant was erroneous.

Other matters are set up in the petition for a rehearing, but they are not discussed in the brief. It may be suggested, however, that a rehearing will not be granted in order that either an appellant or appellee may file additional briefs, or to enable any party to ask for an oral argument. Requests for time to file additional briefs, or for an oral argument must be seasonably made, and if so made, the court will grant or refuse such requests, as the facts in each case may seem to require. The fact that the clerk of this court may have expressed an opinion as to when a case would or would not be decided, or that the parties were negotiating as to a compromise of the cause, is no excuse for a failure to make such applications before the decision of the cause.

After a careful review of the evidence, we are satisfied that the rule that this court cannot reverse a cause upon the weight of the evidence is clearly applicable to this case.

The petition is therefore overruled.