WABASH TOWNSHIP, GIBSON COUNTY ET AL. *v.*
COOPER ET AL.

[No. 27,851.   Filed April 1, 1943.]

*Hovey C. Kirk,* of Princeton, for appellants.

*Embree & Hall,* of Princeton, and *Cooper, Royse, Gambill & Crawford,* of Terre Haute, for appellees.

SHAKE, J.—This case is before us for the second time.  See *Hughes* v. *Fifer* (1941), 218 Ind. 198, 31 N. E. (2d) 634.  Apparently, it is an attack upon a judgment quieting the title of certain of the appellees to the same real estate involved in the former review.  That decision is, therefore, the law of the case insofar as it is applicable.  *Dickason* v. *Dickason* (1942), 219 Ind. 683, 40 N. E. (2d) 965.

Only by searching the record could we determine who are necessary or proper parties.  Fourteen persons are named in the assignment of errors, without designation as appellants or appellees.  The appellants' brief does not undertake to set out the text or the substance of the assignment of errors, the findings and judgment, or the motion for a new trial, except as the latter is quoted under Propositions and Authorities.  This is not a compliance with the requirements of Rule 2-17(e) (1940 Revision).

While this court indulges a practical liberality in passing upon the sufficiency of briefs, the application of the rules may not be relaxed to the point of requiring us to search the record for grounds to reverse a judgment.  *Kimmick* v. *Linn* (1940), 217 Ind. 485, 29 N. E. (2d) 207.

We are obliged to hold that the appellants' brief is insufficient to present any question on the merits.

The judgment is affirmed.

NOTE.—Reported in 47 N. E. (2d) 611.