ROSS ET AL. *v.* CLORE ET AL.

[No. 17,633. Filed September 30, 1947.]

Walter W. Spencer, of Crawfordsville, for appellants.

Raymond O. Evans, of Crawfordsville, for appellees.

HAMILTON, J.—This is an appeal from a judgment of the Montgomery Circuit Court construing the last will and testament of one Ella Snyder, deceased.

The sole error relied upon for reversal is stated on page four of appellants' brief as follows:

> "The Court erred in overruling appellants motion for a new trial to which ruling of the court appellants did at the time except."

Nowhere in appellants' brief are we able to find a copy of the motion for a new trial; a statement as to the substance thereof; or the grounds assigned therein for a new trial.

Rule 2-17, clause (e), of the 1946 revision of the Rules of the Supreme Court requires that, in appeals where the error assigned for reversal is the overruling of a motion for a new trial, the appellant's brief must set out a copy of the motion for a new trial, the grounds, or the substance thereof. *Melvin* v. *Hamilton, Admr.* (1936), 101 Ind. App. 456, 457, 199 N. E. 602; *Fluck,*

*Jr.* v. *Dahlberg* (1937), 103 Ind. App. 472, 473, 8 N. E. (2d) 1008; *Lindeman* v. *Lindeman* (1937), 103 Ind. App. 494, 496, 8 N. E. (2d) 1004.

Furthermore, clause (f) of Rule 2-17, *supra,* provides:

> "The briefs shall contain under the heading, 'Propositions, Points and Authorities,' a copy of each assigned error relied on, designated by number as in the original assignment of error, and in case the error assigned is the overruling of the motion for a new trial, then the causes relied upon shall be numbered as in the motion. Each assignment shall be supported by separately numbered propositions, concisely stating the basis of the objection to the ruling complained of. Each proposition shall be supported by separately numbered or lettered points or statements of rules of law applicable thereto, with citation of authorities in support thereof. Assigned error which is not set out in this part of the brief and supported by propositions, points, and authorities, will not be considered. . . ."

On pages 23 to 27, inclusive, of appellants' brief under the heading, "Propositions, Points and Authorities," we find that appellants have stated four separate propositions, supported by six *"Points"* with citation of authority thereunder. Each and all of the *"Propositions"* and the *"Points"* thereunder are stated in general language and are the statements of general abstract legal propositions applicable in the construction of all wills. Nowhere in any of the *"Propositions"* or *"Points"* have appellants made any attempt to specifically apply any of the *"Propositions"* and *"Points"* to the facts in this case or to set out the causes assigned as reasons for a new trial numbered as in said motion and supported by separately numbered *"Propositions,"* as required by Rule 2-17, clause (f), *supra.*

We are unable to determine in what way the *"Propositions"* and *"Points,"* stated generally and abstractly in appellants' brief, affect the case under consideration without searching the record. Appellants' brief fails to comply with the requirements of Rule 2-17, clause (f), *supra. Ball* v. *McPheeters* (1937), 211 Ind. 157, 161, 5 N. E. (2d) 885; *Moore* v. *Ohl* (1917), 65 Ind. App. 691, 116 N. E. 9; *Jones* ·v. *Railroadmen's Bldg. & Sav. Assn.* (1938), 104 Ind. App. 582, 584, 12 N. E. (2d) 364.

While this court prefers to pass upon the merits of an appeal and, in order to do so, it indulges a practical liberality in passing upon the sufficiency of briefs, nevertheless the rules of the Supreme Court when adopted and published have the same force and effect as law and are binding alike upon the courts and litigants before them, and they may not be relaxed or ignored to the point of requiring the members of the court to search the record for grounds to reverse a judgment. *Lindeman* v. *Lindeman, supra; Albertson* v. *Nix* (1944), 115 Ind. App. 128, 129, 57 N. E. (2d) 206; *Wabash Township* v. *Cooper* (1943), 221 Ind. 304, 47 N. E. (2d) 611.

Under the rule declared in the foregoing authorities no question is presented for our determination and the judgment must be affirmed. *Ball* v. *McPheeters, supra.*

Judgment affirmed.

NOTE.—Reported in 74 N. E. (2d) 747,