BROMLEY *v.* CITY OF INDIANAPOLIS ET AL.

[No. 17,830.  Filed April 4, 1949.]

*Omer S. Whiteman,* of Indianapolis, for appellant.

*Edward H. Knight,* Corporation Counsel, *Michael B. Reddington,* City Attorney, and *Nicholas Sufana,* assistant City Attorney, all of Indianapolis, for appellee City of Indianapolis; and *Zechiel & Johnson,* of Indianapolis, for appellees Fred Millis, Jessie Millis, and Fletcher Trust Co., Trustee.

CRUMPACKER, C. J.—The appellees Fred Millis, Jessie Millis and Fletcher Trust Company, Trustee, are the owners of certain real estate in the city of Indianapolis which, at the inception of this controversy, was improved by a double house containing

two six room apartments. The property is located in an area of the city which is zoned for "Class U. 2 or apartment house uses" and is in close proximity to an outlying business district of said city known as Irvington where the parking problem is, and has been for some time, very acute. Upon petition of Millis, Millis and Fletcher Trust Company, Trustee, the Board of Zoning Appeals of the City of Indianapolis granted a variance from the pertinent provisions of the zoning ordinance whereby the petitioners were permitted to raze the buildings on said property and use the same for the off-street parking of automobiles. The appellant, the owner of abutting property and a remonstrator before the Board of Zoning Appeals, thereupon appealed to the Marion Superior Court which affirmed the finding and decision of said Board and, after his motion for a new trial was overruled, he brought the matter to this court for review.

In support of his appeal the appellant has tendered a brief which, it seems to us, makes little effort to comply with the rules. The condensed recital of the evidence omits all evidence favorable to the appellees and the propositions and points are stated without any apparent relation to the assignment of errors and the motion for a new trial. There is no separate title "Argument" but argument is interspersed and co-mingled with the statement of the various propositions and points. However this much seems clear. The appellant thinks the decision of the Marion Superior Court is contrary to law and that the judgment based thereon should be reversed because (1) it sanctions the demolition of two suitable and habitable residences at a time when the housing shortage in Indianapolis is acute and "when thousands of good people are frantically seeking some place to live;" and

(2) it ignores the undisputed evidence that the vari-
ance granted will depreciate the value of the appel-
lant's property in an amount estimated from $2,500
to $4,000 and the property of a neighbor in a sum of
at least $1,000.

It must be conceded that the appellant's first prop-
osition is novel. We take judicial notice of the housing
shortage and everyone who testified in this
case recognized the critical need of off-street
parking facilities in the locality involved. We
have been referred to no authority, and we have found
none, which supports the appellant's contention that
under such circumstances the first duty of the Board
of Zoning Appeals is to prevent a negligible aggrava-
tion of the housing shortage to the exclusion of an
appreciable relief from traffic congestion on the public
streets. Nor does the proposition appeal to us as
having any basis in reason or logic. We know of no
law which prevents the owner of a house from tear-
ing it down if he so chooses, even in the face of a
housing shortage. The Board's problem would have
been the same had the lot been vacant when a variance
in its use was sought.

Appellant's second proposition seems to be based
on the concept that the zoning ordinance of the city
of Indianapolis is a fixed and inflexible docu-
ment regulating the uses to which property can
be put and that its terms cannot be varied in
any event if such variance will "substantially and
permanently injure the appropriate use of the neigh-
borhood property." We think this view of the intent
and effect of the ordinance is too narrow and that its
undeviating application would result frequently in
the subjugation of public welfare to private interests.
The general purpose of the ordinance, as expressed
in its preamble, is to "conserve the value of property

in the city and to the end that adequate light, air, convenience of access and *safety from fire* and other dangers may be secured, *that congestion of the public streets may be lessened or avoided* and that the public health, safety, comfort, convenience, morals and general welfare may otherwise be promoted . . ." (Emphasis supplied). Section 22 of the ordinance provides "Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this ordinance the Board of Zoning Appeals shall have the power in a specific case to vary any such provisions in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done." It is true that the undisputed evidence shows that the appellant's property will be substantially injured for residence use by the variance in controversy. It is also undisputed that the lot for which the variance is sought is immediately adjacent to the largest outlying business district in the city of Indianapolis and that the streets in the neighborhood, including that upon which the appellant's property is located, are frequently so congested with traffic that fire fighting apparatus could not pass along said streets if occasion arose. The acute need of off-street parking space was recognized by every witness who testified and by a survey of the area made by the police department of the city. It seems to us, under the circumstances, the Board of Zoning Appeals was justified in its conclusion that the appellant's private rights must yield to the public welfare. The Board is vested with broad discretionary powers in its administration of the ordinance and its actions in that respect cannot be disturbed except for an abuse of such discretion. *Keeling* v. *Board of Zoning Appeals* (1947), 117 Ind. App. 314, 69 N. E. 2d 613. We find

none in this case and the Marion Superior Court committed no error in affirming the order of the Board of Zoning Appeals and in overruling appellant's motion for a new trial.

Judgment affirmed.

Royse, P. J., concurs with opinion.

## CONCURRING OPINION

ROYSE, P. J.—(Concurring in Conclusion)

I agree with the conclusion of the majority in this case. In their opinion it is stated:

> "In support of his appeal the appellant has tendered a brief which, it seems to us, makes little effort to comply with the rules. The condensed recital of the evidence omits all evidence favorable to the appellees and the propositions and points are stated without any apparent relation to the assignment of errors and the motion for a new trial. There is no separate title 'Argument' but argument is interspersed and co-mingled with the statement of the various propositions and points."

In my opinion this court is required to affirm this judgment for the reason appellant has failed to comply with Rule 2-17, Rules of the Supreme Court. It is well settled by a long line of decisions of both the Supreme Court and this Court that the rules of the Supreme Court have the same force and effect as law and are binding on the courts as well as litigants. *Ross et al.* v. *Clore et al.* (1947), 117 Ind. App. 548, 74 N. E. 2d 747; *Johnson* v. *Johnson* (1946), 117 Ind. App. 117, 118, 69 N. E. 2d 606; *Albertson et al.* v. *Nix et al.* (1944), 115 Ind. App. 128, 129, 57 N. E. 2d 206; *Freeman* v. *Cangany et al.* (1944), 222 Ind. 282, 283, 52 N. E. 2d 839; *Wabash*

*Township* v. *Cooper* (1943), 221 Ind. 304, 47 N. E. 2d 611. In addition to the foregoing authorities, in Callaghan's Indiana Digest, under "Courts," § 31, pp. 261, 262, there are eleven cases cited in support of this proposition. At pp. 51, 52 of the Supplement to this Digest, on this point there are nineteen cases cited. The same is true as to the North Eastern Digest and the Indiana Decimal Digest. See also, 21 C. J. S., § 176, pp. 276, 277; 14 Am. Jur., § 156, pp. 360, 361.

In the case of *Freeman* v. *Cangany et al., supra,* the Supreme Court said:

"While this court is always reluctant to dispose of an appeal without passing upon the questions which the parties desire to have adjudicated, it is, nevertheless, imperative that there be a good-faith and substantial compliance with those rules of procedure which long experience has demonstrated are essential to the orderly administration of justice. *To relax these rules in the instant case would be to establish a precedent logically leading to their ultimate abandonment.* This we cannot afford to do." (My emphasis).

The Supreme Court alone has the power to change the rules or to overrule these cases.

I feel that the majority opinion wholly ignores this well-established ruling precedent of the Supreme Court on this question. This we have no right to do. I therefore regard expressions on any other question as dicta. It is to be noted appellant made no effort to amend his brief after its deficiencies were pointed out in appellees' brief.

NOTE.—Reported in 85 N. E. 2d 93.