DURHAM *v.* CITY OF INDIANAPOLIS

[No. 18,290. Filed October 23, 1952. Rehearing denied November 19, 1952.]

*Howard R. Hooper,* of Indianapolis, for appellant.

*Palmer K. Ward, Frank X. Haupt* and *Jacob S. Miller,* of Indianapolis, for appellee.

CRUMPACKER, J.—While a member of the police force of the city of Indianapolis, charges of misconduct were brought against the appellant and after a hearing before the Board of Public Safety of said city he was dismissed from service upon the written order of said board.

Burns' Stat., §48-6105, provides in part as follows:

"Any member of such fire or police force who is dismissed from such force, as aforesaid, or is suspended therefrom for any period in excess of thirty (30) days, shall have the right to appeal to

the circuit or superior court of the county in which such city is located from such decision of dismissal or suspension by said board, but shall not have such right of appeal from any other decision. Such appeal shall be taken by such party filing in such court, within thirty (30) days after the date such decision is rendered, a bond as herein required and a verified complaint stating in concise manner the general nature of the charges against him or her, the decision of the board thereon, and a demand for the relief asserted by plaintiff. Such city shall be named as the sole defendant and plaintiff shall cause summons to issue as in other cases against such city. The board of public safety or the board of metropolitan police commissioners, or the members thereof, shall not be made parties defendant to any such complaint, but shall be bound by such service upon the city and the judgment rendered by the court. No pleadings shall be required by such city to such complaint, but the allegations thereof shall be deemed to be denied. . . .

"Any such decision of the board shall be deemed prima facie correct and the burden of proof shall be on the party appealing. All such appeals shall be tried by the court unless written request for jury be made not less than five (5) days before the date set for said hearing, and shall be heard *de novo* upon the issues raised by the charges upon which the decision of the board was made, which charges shall be deemed to be denied by the accused person. Within ten (10) days after the service of summons said board shall file in said court a full, true and complete transcript of all papers, entries and other parts of the records relating to such particular case, and inspection thereof by the person affected, or by his or her agent, shall be permitted by the board before such appeal is filed, where so requested. Each party may produce such evidence as it may desire, relevant to the issues, and the court upon such appeal shall review the record and decision of such board."

In all respects agreeable to this statute the appellant appealed from the dismissal order of the board to the

Marion Superior Court and thereafter the appellee, City of Indianapolis, filed a transcript in said court containing a copy of all "papers, entries and other parts of the record" pertaining to the case. Although the statute above set out does not require or apparently contemplate it, said copy of the board's record included a typewritten transcript of all the evidence adduced at the hearing before the board and upon which it rested its dismissal order. In disposing of the appeal the court denied the appellant a trial *de novo* "upon the issues raised by the charges upon which the decision of the board was made" and, quoting from its judgment, confined itself to a "review of the record for the purpose of ascertaining if petitioner Durham was afforded a fair trial and if there were sufficient facts whereby the Board of Safety Commissioners would be justified in finding as they did find" and, through this approach to the issues before it, the court affirmed the dismissal order of said board.

The appellant contends that this judgment is contrary to law because the statute, §48-6105, *supra*, upon which this whole proceeding rests, provides for a jury trial *de novo* of the questions which were tried by the board, at which trial "each party may produce such evidence as it may desire relevant to the issues" and thereon the court or jury should determine the justification of the board's order.

Practically this identical contention was made in *Lloyd* v. *City of Gary* (1938), 214 Ind. 700, 17 N. E. 2d 836, 838. In disposing of it the court said:

"Their contentions are based, it would seem, entirely upon the view that the statute in question provides for a trial *de novo*, a trial anew, of the questions which were tried by the Board of Public Works and Safety; that the cause should have been submitted to a jury; and that the jury should have

decided the questions that were decided by the Board of Public Works and Safety in the same manner as in the original hearing.

"This view is not supported by the authorities. In *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 25, 5 N. E. 2d 501, 503, it is held that the so-called appeal to the circuit or superior court is in the nature of an action for a mandatory injunction; that the purpose of the action is to determine the legality of the order made by the Board of Public Works and Safety; that: 'The court will not undertake to control the discretion of such boards in making orders in the administration of the affairs of the state so long as the orders are not tainted with fraud, capriciousness, or illegality.' The Board of Public Works and Safety acts ministerially in determining the questions presented by the charges preferred. The court, on the so-called appeal, which it is noted is commenced by a complaint, acts judicially for the purpose of determining whether the ministerial board acted within its legal jurisdiction.

"When it appears to the court that the evidence before the ministerial board was conflicting, and this is conceded by the appellants' complaint in this case, and that there was substantial evidence before the ministerial body justifying its action, there is no illegality, and the determination of the ministerial body should not be disturbed. *School City of Peru et al.* v. *State ex rel. Youngblood* (1937), 212 Ind. 255, 7 N. E. 2d 176."

As we understand the purport of this decision the appeal provided by §48-6105, *supra,* is not an appeal but is merely "so-called." In effect it is a new and independent cause of action in the nature of a mandatory injunction wherein a discharged policeman seeks to restrain the execution of a dismissal order and compel the defendant city to reinstate him as a member of its police force. It is fundamental that such a suit is not triable by jury and, as stated in the Lloyd case, the only issues involved are whether or

not the dismissal order under attack is "tainted with fraud, capriciousness or illegality." It is conceivable that a discharged policeman could not sustain such issues if the court were confined, in determining them, to the record of the proceedings before the board including the evidence heard. Such record might show that the statute pertaining to the dismissal of a police officer had been meticulously followed and that the board had ample evidence before it warranting dismissal yet the entire proceeding may have been tainted with fraud. For example a key witness may have been suborned by the city to perjure himself; notice to the accused, as shown by the record, may not in fact have been given; the record may have been falsified concerning vital matters to make it comply with the dismissal statute; and so on almost indefinitely. It is obvious that such matters could be shown only by extrinsic evidence and yet no one would contend that they would not, if established, vitiate the order involved or that the accused should not be permitted to prove them. So it is apparent that the remedy provided by the statute under consideration is not merely a review of the proceedings of an administration board for errors of law only and that all evidence not heard by the board is incompetent. Nevertheless it seems that the trial court took that attitude in disposing of this case and rejected much proffered testimony "for the reason that the question and proposed answer would be independent evidence and not part of the review on appeal as shown by the transcript in evidence." However the question of whether or not competent evidence was thus erroneously rejected is not before us because the appellant's motion for a new trial, which he designates "a petition for a rehearing," fails, in each instance complained of, to set out the question propounded, the

objection thereto, the offer to prove and the court's ruling thereon. *Keeling* v. *Board of Zoning Appeals of Indianapolis* (1947), 117 Ind. App. 314, 69 N. E. 2d 613; *City of Gary* v. *McNulty* (1935), 99 Ind. App. 641, 194 N. E. 193; *Brodt* v. *Duthie* (1933), 97 Ind. App. 692, 186 N. E. 893; *Vaughn Building Company* v. *State of Indiana* (1933), 97 Ind. App. 556, 185 N. E. 656.

This rule seems technical at first blush but it is not so when we consider that it is the sole function of a court of appeals to review questions of law decided by the trial court and no ruling of such court, involving the admission or exclusion of evidence, will be reversed which it had no opportunity to correct as shown by the motion for a new trial. *Falley* v. *Gribling* (1891), 128 Ind. 110, 26 N. E. 794.

Finally the appellant contends that the decision of the court is contrary to law because the Board of Public Safety had insufficient evidence before it to sustain its order of dismissal. His brief contains no recital of the evidence and, while we are inclined to indulge a practical liberality in passing upon the sufficiency of a brief if it exhibits a good faith effort to comply with the rules, we cannot characterize the total disregard of a rule as such an effort and under such circumstances we will not resort to the record in a search for reversible error. *Wabash Township* v. *Cooper* (1943), 221 Ind. 304, 47 N. E. 2d 611.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 2d 205.