STILLABOWER ET AL. *v.* LIZART ET AL.

[No. 19,310. Filed June 11, 1959. Rehearing denied September 25, 1959. Transfer denied October 29, 1959.]

*Charles Mendenhall* and *William C. Erbecker,* both of Indianapolis, for appellants.

*Gerald W. Ohrn* and *Albert W. Ewbank,* both of Indianapolis, for appellees.

COOPER, J.—This action was brought against the appellants herein by the appellees for damages; trial before a jury with a verdict for the appellees. Appellants appeal, assigning as errors that the trial court erred in overruling appellants' separate and several motion to make appellees' complaint more specific; that the damages assessed by the jury and court are excessive, and too large in amount; that the trial court erred in overruling apellants' separate motion for a new trial, and thereafter filed their brief.

Appellees filed a Verified Motion to Dismiss the Appeal or Affirm the Judgment upon many valid grounds relating to the appellants' brief. The appellants have not seen fit to petition the court for permission to amend their brief after the many omissions therein were called to their attention by the appellees' Motion to Dismiss or Affirm.

While it is the desire of this court to decide appeals upon the merits rather than upon technical grounds, we must insist upon a good-faith effort to comply with the applicable rules as stated by our Supreme Court. The Rules of the Supreme Court of Indiana have the force and effect of law and are binding upon us as well as the parties in an appeal. We do not deem it necessary to cite authorities upon this proposition, except to state that many authorities on this point can be found in Flanagan, Wiltrout and Hamilton's, Indiana Trial and Appellate Practice, and West's Indiana Law Encyclopedia.

The appellants' brief does not undertake to set out the Motion for a New Trial either in text or in substance, nor the evidence, or any part thereof, or anything sufficient to present any questions upon the merits under our Supreme Court Rule 2-17.

We are not authorized to search the record for

grounds to reverse a judgment. *Durham* v. *City of Indianapolis* (1952), 123 Ind. App. 74, 108 N. E. 2d 205; *Bromley* v. *City of Indianapolis* (1949), 119 Ind. App. 184, 85 N. E. 2d 93; *Ross* v. *Clore* (1947), 117 Ind. App. 548, 74 N. E. 2d 747; *Albertson* v. *Nix* (1944), 115 Ind. App. 128, 57 N. E. 2d 206; *Wabash Township* v. *Cooper* (1943), 221 Ind. 304, 47 N. E. 2d 611.

We hold that the appellants' brief is insufficient to present any question upon the merits.

Judgment affirmed.

### ON PETITION FOR REHEARING

COOPER, J.—This matter is now before us on a Petition for a Rehearing. The Petition for Rehearing affirmatively shows that the appellants herein have apparently employed new counsel, and, at this time, is attempting to attack solely the competency of the appellants' original attorney.

The appellants herein seek permission to file an amended brief anew because of the lack of skill, the negligence, incompetence and inadvertence of former counsel. This, of course, we cannot do.

A rehearing will not be granted to permit a party to file additional briefs, or briefs anew. *Rownd* v. *State* (1898), 152 Ind. 39, 51 N. E. 914, Rehearing Denied 152 Ind. 39, 52 N. E. 395; *Schrichte* v. *Stites' Estate* (1890), 127 Ind. 472, 26 N. E. 77, rehearing denied 127 Ind. 472, 26 N. E. 1009.

A petition for rehearing is a request to the court to revise its own action by correcting errors and modifying or setting aside its judgment. *Parker et al.* v. *The State ex rel. Powell* (1892), 133 Ind. 178, 32 N. E. 836, rehearing denied 133 Ind. 178, 33 N. E. 119.

Rule 2-22 of the Supreme Court of Indiana, which, of course, has the force and effect of law, provides:

"Application for a rehearing of any cause shall be made by petition, separate from the briefs, signed by counsel, and filed with the clerk within 20 days from rendition of the decision, stating concisely the reasons why the decision is thought to be erroneous. Such application may, if desired, be supported by briefs, but such briefs will not be received after the time allowed for filing the petition. Parties opposing the rehearing may file briefs within 10 days after the filing of the petition."

The object of a petition for a rehearing is to point out mistakes of law or of fact, or both, which the losing party contends were made by the court in arriving at its decision. Its purpose is not to request the court generally to examine all the questions in the record or all of the questions decided against the party filing it. *Lesh* v. *Johnston Furniture Co.* (1938), 214 Ind. 176, 13 N. E. 2d 708, motion denied 214 Ind. 176.

For the reasons hereinabove set forth, the appellants' Petition for Rehearing is denied.

NOTE.—Reported in 159 N. E. 2d 144.

Rehearing denied 161 N. E. 2d 195.