HAYES *v.* PENNICK.

[No. 19,977. Filed March 10, 1965.]

*Paul P. Boyle* and *George W. Kilbourne* of Sullivan, for appellant.

*Rhys D. Rhodes,* of Paoli, *Hugh E. Reynolds, Hugh E. Reynolds, Jr.* and *Locke, Reynolds, Boyd & Weissel,* of counsel, of Indianapolis, for appellee.

MARTIN, J.—This is an action for personal injuries alleged to have been sustained by the appellant when appellee, operating a truck in reverse upon private property, ran into appellant, thereby injuring him; such injury was allegedly due to the negligent operation of the truck by appellee.

Appellee filed a motion to affirm the judgment upon many vital grounds relating to the appellant's brief. The appellant has not seen fit to petition the court for permission to amend his brief after the many omissions therein were called to his attention by the appellee's motion to affirm.

While it is the duty of this court to decide appeals upon the merits rather than upon technical grounds, we must insist upon a good faith effort to comply with the applicable rules as stated by our Supreme Court. The rules of the Supreme Court of Indiana have the force and effect of law and are binding upon this court as well as the party of an appeal. *Stillabower et al. v. Lizart et al.* (1959), 130 Ind.

App. 65, 159 N. E. 2d 144, (rehearing denied, transfer denied).

The appellant's original brief does not undertake to set out the pleadings verbatim or in sufficient substance to properly raise any questions. The appellant's original brief contains no assignment of errors thus no questions upon the merits are presented. Supreme Court Rule 2-17, 1964 Edition.

We are not authorized to search the records for grounds to reverse the judgment. *Stillabower et al. v. Lizart et al., supra; Durham v. City of Indianapolis* (1952), 123 Ind. App. 74, 108 N. E. 2d 205; *Ross v. Clore* (1947), 117 Ind. App. 548, 74 N. E. 2d 747; *Albertson v. Nix* (1944), 115 Ind. App. 128, 57 N. E. 2d 206; *Wabash Township v. Cooper* (1943), 221 Ind. 304, 47 N. E. 2d 611.

In the case of *Board of Med. Regist. and Exam., etc. v. Bowman* (1958), 238 Ind. 532 at page 534, 150 N. E. 2d 883 (rehearing denied, the Supreme Court said:

> "In order to present error on appeal it must be specified in the asssignment of errors, and such specification or specifications, or the substance thereof, must appear in the 'Concise Statement of the Record' under Rule 2-17 (d). Without such compliance the Judges cannot give intelligent consideration to the issues in the appeal without resorting to the record, which the rules seek to avoid. When there has been such an omission, the judgement will be affirmed." *Hughes* v. *State Bank of W. Terre Haute* (1954), 124 Ind. App. 511, 512, 117 N. E. 2d 563; *Williams* v. *Williams* (1953), 123 Ind. App. 495, 112 N. E. 2d 305; *Witte* v. *Witte* (1953), 123 Ind. App. 644, 646, 113 N. E. 2d 166; *Branson* v. *Branson* (1935), 100 Ind. App. 81, 193 N. E. 686; *McBride* v. *State ex rel. McKinley* (1933), 97 Ind. 305, 186 N. E. 388.

WHEREFORE, appellee's motion to affirm the judgment is sustained; and the judgment is affirmed.

Faulconer, C. J., Bierly, P. J., Carson, Hunter, Mote, Prime, and Smith, JJ., concur.

NOTE.—Reported in 204 N. E. 2d 882.