## MOTT *v.* FISKE ET AL.

[No. 18,736.   Filed December 18, 1900.]

MORTGAGES.—*Deeds.* —*Evidence.*—A deed, although absolute on its face, will be treated as a mortgage if in fact it was received as security for the repayment of money, and evidence, written or oral, is admissible to show such facts.   *p. 602.*

MORTGAGES.—*Deeds.*—*Special Finding.*—A finding in a partition proceeding that on and prior to the date of a certain deed upon which plaintiff's title to the real estate in question depended the grantor was indebted to the grantee for borrowed money and said deed was executed as security for the same, but without the knowledge of grantee, was sufficient to support a conclusion of law treating the deed as a mortgage when considered in connection with the further finding that the grantee took the deed as security for said indebtedness. *pp. 602, 603.*

SAME.—*Deeds.*—*Limitation of Actions.*—Where a deed absolute on its face was intended as a mortgage, and the persons claiming title thereunder never occupied the land, a mere lapse of time will not bar the right to assert and show that the deed was in fact a mortgage, in defense of an action to enforce the rights of the parties under such deed. *pp. 603, 604.*

From the White Circuit Court. *Affirmed.*

*A. W. Reynolds, A. K. Sills, B. K. Elliott, W. F. Elliott* and *F. L. Littleton,* for appellant.

*E. B. Sellers* and *W. E. Uhl,* for appellees.

MONKS, J.—This action was brought December 31, 1895, for partition of the real estate described in the complaint. It was alleged that appellant was the owner of the undivided two thirds of said real estate, and appellees, Alfred V. C. Johnson and Grace Johnson were the owners of the undivided one-third thereof, and that the other appellees claim an interest in or lien on said real estate, the nature of which is unknown to appellant, and they are made parties to answer as to their interest.

All who were defendants at the trial were defaulted, except appellees, Fiske and Beem, who filed an answer. W. A. Bushnell, guardian *ad litem,* for Grace Johnson, a minor, also filed an answer.

The court made a special finding of facts and stated conclusions of law thereon to the effect that appellant had no interest in said real estate as tenant in common, and that she was not entitled to partition of said real estate, and was not entitled to recover in the action. Judgment thereon that appellant take nothing by her said action, and that appel-

Mott v. Fiske.

lees recover their costs. The only errors properly assigned call in question the conclusions of law.

The view we take of the case renders it unnecessary to set out any of the findings except those which it is claimed show title in appellant. We omit, therefore, all findings in regard to the title of appellees to the real estate in controversy.

It appears from the facts found that Jonathan Richey, was, in 1854, the owner of the east half of section six, township twenty-eight north, range four west, in White county, Indiana, the land described in the complaint. On August 11, 1854, said Richey and his wife, Lucetta J. Richey, conveyed the same by warranty deed to a railroad company, which deed was duly recorded April 18, 1855. March 22, 1855, the railroad company conveyed all of said section six to Joseph A. Wright, in trust for said company and John M. Wright of Logansport, to be applied in payment to said Wright for money to be expended and work to be done in the performance of his contract for the completion of the road of said company, and said trustee was to convey said real estate to such persons as the said Wright should designate. Said trust deed was duly recorded in the mortgage records of White county, September 24, 1857. On August 31, 1857, Joseph A. Wright, as trustee for said railroad company and John M. Wright, by deed of general warranty conveyed said section six to John Green, which deed was duly recorded in the deed records of said county, September 5, 1857. January 21, 1858, said John Green executed and acknowledged a writing, in which he declared he held the land in controversy in this action and other lands in trust for such uses and purposes as John M. Wright might indicate. After he was fully indemnified for any and all liabilities he was under where said Wright was his surety, or the surety of John M. Wright & Co., or John Green & Co., or otherwise, and after he was fully paid all just sums, said Wright then or thereafter might owe him as long as he

held the title to said property, and as said Wright ordered him to hold said property to the uses and purposes as John M. Corwine might indicate to him in writing after the trust therein specified was accomplished and fulfilled, said Corwine being the owner thereof subject to the provisions aforesaid; and that said Green held said property subject to the conditions aforesaid, solely for the use and profit of said Corwine, or such use as he might indicate. This declaration of trust was duly recorded in the deed records of said county February 18, 1858. On November 28, 1860, said John Green and his wife by quitclaim deed conveyed said section six to Robert Ellis, which deed was duly recorded. On July 11, 1861, Robert Ellis by quitclaim deed conveyed said section six to Frank Work, which deed was duly recorded July 24, 1861. On February 24, 1864, the auditor of White county, Indiana, executed a tax deed for said section six to said Frank Work, which deed recited that said land had been sold for taxes in the name of John Green, January 7, 1861, for the sum of $80.51. On July 24, 1864, Frank Work and his wife executed a quitclaim deed for said section six to John Mott, which deed was duly recorded December 23, 1864.

"That said deed was made to John Mott at the request of Robert Ellis, and at the same time said Frank Work delivered to said Mott claims and debts against said Ellis, amounting to more than $5,000, that had been paid by said Work to the creditors of said Ellis at his request. That to secure the repayment of the amounts so advanced by him for said Ellis, said Work had taken from said Ellis, on July 24, 1861, the conveyance for said section six as hereinbefore found, and had also purchased said land at tax sale and received the conveyance from the county auditor as hereinbefore stated. That at the request of said Ellis, said Mott paid to said Work all that Work had so advanced for Ellis, and took an assignment from Work of the claims against Ellis that Work had so paid, and Mott took Work's

place, taking, at the time he took such assignment, said deed from Work executed July 24, 1864, as security for the repayment of the amounts so paid by him to Work for Ellis. That on and prior to July 11, 1861, the date of the deed from Robert Ellis to Frank Work, said Ellis was indebted to said Work for borrowed money, and said deed was executed by said Ellis, he intending it as security for the same, but the said deed was executed without the knowledge of said Work; that on July 24, 1864, the date of the deed from Frank Work and wife to John Mott, the said Mott paid to the said Frank Work, the money the said Work had loaned to the said Ellis, and said Work, at the request of said Ellis, made before the time of said conveyance, and in consideration of the payment by the said Mott to said Work of the money that said Work had loaned to said Ellis, he, said Work, and his wife, joining, executed said deed for said section six and other lands."

On April 13, 1871, John Wright and wife executed a warranty deed to John Mott for said section six, which deed was duly recorded, July 5, 1872. Said John Mott died March 8, 1877, in the state of New York, leaving appellant, his widow, surviving and his children, Laura and Grace Mott, his only heirs at law. That his daughter, Laura, married Able Johnson and afterwards died in 1884, leaving as her only heirs, her said husband and two children, Grace Mott Johnson, who is still living, and the other died about four weeks after its mother. Grace Mott died testate February 5, 1863, never having married. The will of said Grace Mott was duly admitted to probate in the state of New York, and a certified copy thereof was proved and admitted to probate in the White Circuit Court, March 1897. Grace Mott, by her last will, gave appellant all of her real estate. Said real estate was never occupied by any one until within the last six years, when it was occupied by appellees, Fiske and Beem, who took possession thereof under a deed from parties other than appellant, and have made

lasting and valuable improvements thereon to the value of $300.

It is settled in this State that a deed absolute on its face may be shown to be only a mortgage. A court of equity will have regard to the real nature of the transaction, and, although a deed be absolute in form, if in fact it was received as security for the repayment of money, it will be treated as a mortgage, and evidence written or oral will be received to show the facts. *Hamilton* v. *Byram,* 122 Ind. 283, and cases cited; *Cox* v. *Radcliffe,* 105 Ind. 374, and cases cited; *Beatty* v. *Brummett,* 94 Ind. 76. In such case the grantee holds the title as mortgagee in equity.

It is insisted by appellant that the findings as to the deeds to Work and Mott being security for the indebtedness of Ellis, are mere conclusions unsupported by ultimate facts, and are insufficient; and the finding that the execution of the deed to Work was without his knowledge, shows that there could have been no binding defeasance at the time; that it should be treated merely as a mortgage. We do not think that the findings in regard to the deeds to Work and Mott, being security for the indebtedness of Ellis are mere conclusions, as insisted by appellant. If there were no findings as to any indebtedness of Ellis to said parties and concerning the nature of the transaction and dealings between them, but only a finding that the deeds were taken as security, or that they were executed as mortgages, a different question would be presented. In *Hamilton* v. *Byram,* 122 Ind. 283, the findings in regard to a deed being executed as a mortgage, were almost the same as in the case at bar, and the judgment was affirmed. It is true that it is found that Work had no knowledge of the execution of said deed at the time of its execution, but while the execution of a written instrument generally includes the delivery of the same, yet this term is not always used in that sense. It frequently is used to indicate that the instrument was signed, or signed and acknowledged. To determine the sense in

which the term was used by the trial judge, said finding must be read in connection with the finding that "Work took said deed as security for said indebtedness," and when so read, the findings show that when said deed was signed and acknowledged by Ellis, that Work had no knowledge thereof, but that when delivered to him, he received the same as security for said indebtedness, and that he purchased said land at tax sale, and took a tax deed therefor for the same purpose. It appears, therefore, from the findings that when the deed was delivered to Work, that it was the intention of both the parties thereto that the same was security for the indebtedness of Ellis, the grantor, to Work, the grantee, that is, although a deed absolute on its face, it was in fact only a mortgage. It is evident, therefore, that said deed when executed, was in fact, a mortgage.

The findings show that Work made the deed to Mott at the request of Ellis, and that all the claims held by Work against Ellis were assigned to Mott, and that Mott paid Work the amount of the same, and that Work at the same time, at the request of Ellis, conveyed the real estate to Mott, who received the conveyance to secure the repayment of said indebtedness. It cannot be said that Mott was an innocent purchaser, because the facts do not show a purchase; on the contrary, it is evident that it was a purchase of the claims held by Work against Ellis, and the deed was made to Mott to secure the same.

It is contended by appellant that Ellis has abandoned the land, and has stood by and permitted Mott to mortgage the same, and that he has been guilty of laches, and cannot be heard in a court of equity. There is no finding that Ellis had abandoned his interest in said real estate, or that he has stood by and permitted Mott to mortgage the land as his own. The only mortgage executed by Mott was to Andrews, and that was for the benefit of Ellis. Appellant nor any one under whom she claims title has ever occupied said land, nor is it shown that they ever attempted to

enforce any rights thereto under the deed from Work before the commencement of this action. Under such cir-cumstances whenever any attempt is made to enforce any rights under said deed, mere lapse of time will not bar the right to assert and show that the same is a mortgage.

It is not claimed that the deed from Wright to Mott, made July 5, 1872, gave Mott any title to said real estate. Neither is it necessary to decide whether or not the deed from Green and wife to Robert Ellis conveyed any title in said real estate to said Ellis, for even if it did, yet, under the facts found, Mott's interest therein under his deed from Work, was that of a mortgagee.

As appellant only claims title to said real estate through John Mott, her husband, and as devisee, under the will, of her daughter Grace, who was an heir of said John Mott, she was not entitled to partition of said real estate, nor to any recovery in this action. Judgment affirmed.