BRODT *v.* DUTHIE ET AL.

[No. 14,395.   Filed September 20, 1933.   Rehearing denied December 20, 1933.]

*McTurnan & Higgins,* for appellant.

*Alvah J. Rucker, James A. Collins* and *B. Howard Caughran,* for appellees.

SMITH, J.—Appellant brought this action in the court below against appellees on two paragraphs of complaint for damages to recover money advanced and profits lost on account of appellees' failure to perform a certain contract for the manufacture of cigar and cigarette

lighters. Both paragraphs were substantially the same, and charged that appellant entered into a written contract with appellees whereby appellee, William E. Duthie, agreed to manufacture for appellant ten thousand cigar lighters for the price of twenty cents each; that William E. Duthie was to make punches, dies, and form tools for said lighters for $375.00; that 60 per cent of the price of these tools was to be paid in advance by appellant and the balance when tools were completed, and sample lighter made from said tools and submitted to appellant; that appellant advanced to appellee, William E. Duthie, the sum of $1,000.00 as part payment on the tools and order for the lighters; that the tools were to be used on the lighters made for and ordered by appellant; that the appellees failed and refused to deliver said lighters, except 800 of them in the value of $160.00; that the punches, dies, and tools which were to be made by appellant, and used in the manufacture of appellant's articles, were used for other purposes by the appellees; that, because appellees failed to perform their contract within a reasonable time, appellant lost profits of resale from said lighters in the sum of $3,000.00, and was damaged in the sum of $5,000.00.

To these paragraphs of complaint, the appellee, Neva W. Duthie, filed a general denial; and the appellee, William E. Duthie, filed an answer in five paragraphs: (1) General denial; (2) that the article ordered to be manufactured for plaintiff was an infringement on a patent owned by another, and that by reason thereof, the appellee, William E. Duthie, could not proceed with the contract; (3) no consideration; (4) payment; (5) that the appellant failed to pay for the making of said tools and dies and that on account thereof and of the other acts and conduct of appellant, appellee William E. Duthie, was prevented from carrying out terms of said contract; that appellant interfered with the morale

and efficiency of the factory and the workers therein to such an extent that some quit their work; that the article sought to be made for appellant was an infringement of a patent, of which infringement appellee, William E. Duthie, did not know, and was unable to get certain parts; that by reason of the breaches of said contract the appellee, William E. Duthie, was unable to perform the contract solely because of such acts and unlawful conduct on the part of appellant.

A cross-complaint was filed by appellant William E. Duthie, but was dismissed after the verdict, and hence will not be discussed further.

The jury was directed by the court to return a verdict for appellee, Neva W. Duthie. Afterward, the jury found for appellee, William E. Duthie.

The appellant seasonably filed his motion for a new trial, containing twelve grounds therefor, which was overruled by the court. Judgment was rendered against appellant, that he take nothing and for the costs of the action.

From this judgment, appellant appealed to this court, the only error assigned being the overruling of the motion for new trial. The only questions presented under the motion for new trial, and not waived are: (1) The error of the court in giving instructions 1 to 15, inclusive; (2) the error of the court in giving an instruction not numbered; (9) that the verdict of the jury is not sustained by sufficient evidence; (10) that the verdict of the jury is contrary to law. Except for grounds 11 and 12, which are the same as 9 and 10, *supra*, the rest of the grounds recited in the motion for new trial relate to the refusal to admit certain testimony.

On the question of rejection of certain testimony, no question is presented by the motion for new trial, as no objections, or the substance thereof, or any offers to prove are set forth therein.

We are met at the threshold of this cause with numerous objections to the record, and to the form of the brief.

Appellees attempt to raise numerous questions, such as the lack of notice; no prayer of appellant for an appeal to the Appellate Court; that neither bill of exceptions No. 1, containing the evidence, nor No. 2 containing the instructions, is in the record for the reason that no time was given for the filing thereof, and that they were never tendered, or presented to the court, or to the judge, but that each merely states that it was presented or tendered without stating to whom; that the record fails to show whether bill of exceptions No. 2 on the instructions is the original or copy; that the praecipe does not ask the clerk to certify bill of exceptions No. 2 containing instructions; that no question is presented as to the giving of instructions for the reason that the evidence is not in the record; that the order of the trial court in granting an extension to appellant for the filing of his bill of exceptions upon the evidence is void due to failure of the application to show that the inability of the court reporter to transcribe said evidence in time was not caused by the negligence of appellant; and questions challenging the sufficiency of the brief of appellant as to compliance with rule No. 22.

There are numerous other objections and criticisms in appellees' brief similar to those enumerated above. It would unduly extend this opinion, and is unnecessary, to set them out herein.

On January 30, 1932, the appellees filed their verified petition, or motion, asking leave to file their answer brief herein, setting up in said verified motion a statement of the record; that appellant was granted additional time to October 30, 1931, in which to file his brief; and that appellant's brief was filed on said day. This verified motion further shows that appellees' time

for the filing of their brief had expired, and that more than 60 days had elapsed after the time in which appellees should have filed their brief; that they had a good and meritorious defense against the assignment of errors; that they desired to present their brief in opposition to appellant's contention, and that appellees' brief *would be on the merits of the cause,* and all motions to dismiss and dilatory motions in the cause in behalf of appellees had been filed; that the date on which the time for filing appellees' brief had expired was November 29, 1931. Appellees' motion was granted and permission given to file their briefs in this cause upon the showing made in said motion. Since appellees were granted permission to file their brief after the time allowed by the rules of the court upon their statement that the brief would be upon the merits of the cause, it seems to us they ought to be held thereto. These questions above referred to cannot be said to be upon the merits of the cause. Appellees having been granted permission to file their brief after the time therefor had expired, and without having applied for any extension of time therefor, they ought not be permitted to raise questions that are not upon the merits, which, if sustained, would cause a decision to be rendered in their favor upon technicalities especially since they have stated to the court in a verified motion, as an inducement for such privilege, that their brief will be upon the merits of the cause.

It cannot be contended that the questions above referred to as raised by appellees are upon the merits of the cause.

"The word 'merits' should be understood as meaning the strict legal rights of the parties as contradistinguished from those mere questions of practice which every court regulates for itself, and from all matters which depend upon

the discretion or favor of the court." 5 *Words and Phrases,* First Series p. 4493, and cases cited. 40 C. J., p. 650.

However, the questions above referred to, raised by appellees, are without merit. The instructions are in the record by proper bill of exceptions, as is also the evidence as against the question raised by appellees.

On the question of whether proper notices of appeal were served, part of appellees' brief is upon the merits of the cause; and having filed their brief upon the merits, they thereby entered full appearance, and waived any question of notice of appeal. *Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company* v. *Reed, Administrator* (1905), 36 Ind. App. 67, 75 N. E. 50; *Hazleton* v. *De Priest* (1896), 143 Ind. 368, 42 N. E. 751; *Cleveland, Cincinnati, Chicago & St. Louis Railway Company* v. *Smith* (1912), 177 Ind. 524, 97 N. E. 164.

It might be well to notice the question raised by appellees that the evidence is not in the record, because the order of the lower court granting the appellant a re-extension of time to file his bill of exceptions on the evidence is invalid, on account of the fact that the application of appellant for such extension fails to show that the appellant's failure to file his bill of exceptions within the time originally granted was not due to any fault or negligence of his own. Appellant filed his application for re-extension of time under the statute, section 687, Burns Ann. St. 1926 (§460, Baldwin's 1934), and served notice as provided by the statute, and also filed a sworn statement of the court reporter who reported the cause; and appellees appeared to this motion. After hearing the application, the lower court entered an order granting the re-extension, and there being no showing of any abuse of discretion, by the lower court, or that the order was void, we cannot disturb the finding of the lower court upon this proposi-

tion. The record does show that there was substantial compliance with the statute, and the lower court so found.

This brings us to the consideration of the questions presented by the appellant upon the motion for a new trial. As we have already indicated, no question is presented upon the refusal to admit certain testimony, so the only questions left for consideration are upon the instructions given by the court, the sufficiency of the evidence to sustain the verdict, and whether the verdict is contrary to law.

No instructions were tendered by appellant, and he questions the instructions given by the court upon its own motion, numbers 1, 2, 3, 5, 7, 8, 9, and 10.

Instruction No. 1 directed the jury to find for the appellee, Neva W. Duthie. This was not error as there is no evidence in the record which would hold her for the breach of the contract sued upon, which contract was not executed by her.

Instruction No. 2 complained of, placed the burden of proof upon the appellant, upon his complaint. Appellant complains that this instruction does not place the burden of proof upon the appellee, William E. Duthie, with respect to his special answers. Instruction No. 2, as far as it goes, is a correct statement of the law, and, if appellant desired further instructions upon the issues, he should have tendered an instruction upon that proposition. *Pope* v. *Branch County Savings Bank* (1899), 23 Ind. App. 210, 217, 54 N. E. 835.

Instruction No. 3 complained of, advised the jury that the burden is upon the plaintiff to prove by a preponderance of the evidence that he has performed all the things required of him to be performed under his contract before he can recover; and that, if he has not materially performed the contract, or if the

conduct of the appellant interfered materially with the performance of the contract, or if the appellant has not been damaged as charged, then the jury should find for the appellees. We think this instruction is not erroheous and coupled with the other instructions given, correctly states the law pertinent to the evidence in this case.

Instruction No. 5 complained of, while not a model instruction, still under the facts of this case and under the contract is a proper instruction. Standing alone, it might be improper, but it does not appear that appellant was harmed by the giving of this instruction; in fact, if there is any error in the giving of it, we think the record shows that it was harmless. The contract itself provided that the appellant agreed to place an order for 10,000 lighters at a certain price, and the undisputed evidence is that the appellee manufactured some of these lighters and delivered some of them to the appellant, so the jury could not have been misled by instruction No. 5 on the question of whether appellant had placed an order for the number of lighters provided in the contract.

Appellant complains vigorously of instruction No. 8, which is as follows:

> "If you find that plaintiff ordered defendant, William E. Duthie, to make the lighters mentioned in said contract, and you further find that said lighter had been heretofore previously patented by one Aronsen in any particular, then I instruct you that the cigarette lighters contracted for were an infringement of the said Aronsen lighter, and the performance of said contract was illegal, and the plaintiff may not recover in this action."

This instruction was based upon the second paragraph of answer, and partly upon the fifth. The second paragraph of answer charged that the lighter sought to be

manufactured by appellees for appellant was an infringement upon a lighter which had already been patented, and that the contract for the manufacture of such lighters was illegal and in violation of the laws of the United States pertaining to patents; and that appellee, William E. Duthie, received a written notice from the owner of the patent to cease the manufacture of the lighters in question because of the infringement, and threatened him with a suit for an injunction and for damages; that it was solely because of such infringement that the appellee did not proceed with said contract. There was evidence in the record which would warrant the giving of this instruction. Appellant now raises the question that it was the duty of the appellee to manufacture said lighters regardless of the patent. We cannot agree with this contention. If in fact the lighter to be manufactured for appellant was patented, then the manufacture thereof by appellee would have been an infringement, and such contract providing for the manufacture thereof would be illegal. 13 C. J. 492, 496, §440; *Harrison Township of Henry County et al.* v. *Addison* (1911), 176 Ind. 389, 398, 96 N. E. 146; *Baltimore and Ohio Southwestern Railroad Company* v. *Hagan* (1915), 183 Ind. 522, 527, 109 N. E. 194. The evidence showed that appellee, William E. Duthie, received notice of the infringement of the patent in the manufacture of these lighters about the middle of September, 1928, and that thereafter he stopped the manufacture of them on account of such notice. There was also evidence showing that the lighter in question was an infringement upon the patent of another. We think the instruction was proper.

Instruction No. 9 was based upon paragraph 5 of the appellee William E. Duthie's answer to the complaint. There was some evidence in the record from which the jury might have found upon this paragraph of answer for appellees. This instruction

is based upon the theory that, if the appellant through his own conduct, or that of those under his charge, materially caused any non-performance of the contract on the part of the appellees, he could not recover. "It is a well-established principle of law that the actions and conduct of one party to a contract which prevents the other from performing his part, excuses nonperformance." *Beatty* v. *Miller et al.* (1911), 47 Ind. App. 494, 499, 94 N. E. 897, 899. There being some evidence in the record upon which to base this instruction, it was not error to give the same.

Appellant complains of the giving of instruction No. 10 which was based upon the cross-complaint of appellee, William E. Duthie. There was no finding by the jury against appellant upon the cross-complaint, and the record discloses that, after the verdict was rendered, appellees dismissed it, so no error could be predicated thereon.

Appellant also raised the question of sufficiency of evidence to support the verdict, and whether the verdict is contrary to law. We do not extend this opinion to set forth evidence. We think there is evidence in the record to support the verdict of the jury, and that the verdict is not contrary to law.

No reversible error being found, judgment is affirmed.