LANGFORD ET AL. *v.* DE ARMOND ET AL.

[No. 20,113. Filed July 7, 1965. Rehearing denied August 20, 1965.]

440

*Paul W. Kelley* and *Kelley, Arnold & Kelley,* of Anderson, for appellants.

*Wagoner & Cochran, Grace B. DeArmond,* and *William E. De Armond,* of Anderson, for appellees.

SMITH, J.—This is an action instituted in the Madison Circuit Court by the appellants against the appellees to quiet title to real estate against the appellees' tax title deed.

The appeal was originally filed in the Supreme Court of Indiana for the reason that the appellants were questioning the constitutionality of §4, Ch. 224 of the Acts of 1941. This section in substance provided that no action to contest the validity of any tax title deed shall be brought after the expiration of

one year from the date of execution of said deed. Because said statute was repealed by the Acts of 1963, ch. 280, §1002, the appellants subsequently filed in the Supreme Court a waiver of this constitutional question and petitioned to transfer this cause to the Appellate Court of Indiana. Pursuant to Burns' §4-214 (1963 Supplement) this cause was then ordered transferred to the Appellate Court.

The relevant facts of this case, as evidenced by the transcript of the record evidence, are that in 1950 a special assessment for a ditch construction was levied against the property in question, in the name of the then owner, one Roy A. Somers. In that same year Somers deeded the property to one George N. Yust, who in turn deeded the property to a Harold Gallamore. In 1952 Gallamore executed a warranty deed to the appellants to the property. The ditch assessment was never paid and remained delinquent.

Pursuant to Acts 1919, ch. 59, §259, p. 198, as amended, the same being Burns' 64-2202, on May. 19, 1951 notice was published in the *Anderson Herald* and the *Anderson Daily Bulletin* certifying that an assessment sheet had been prepared and placed in the hands of the Madison County Treasurer for collection of said ditch assessment. Notice of a tax sale of said property on which the ditch assessment was levied was advertised by the Madison County Auditor in the same newspapers on March 20, 1954, March 27, 1954 and April 3, 1954. The name of Roy A. Somers appeared in said notice as the record title holder. The record evidence also disclosed that a registered letter was sent to Somers advising him of the tax sale.

The tax sale was held on April 12, 1954 and the appellees submitted the highest bid on the property

and in turn were issued a tax certificate to said property.

The statutory two year period of redemption expired on April 13, 1956; and, on that day, the appellees presented themselves at the Madison County Auditor's office and were issued a tax deed to said property. However, they did not take physical possession of the property nor did they notify the appellants, who remained in possession, that the appellees had been issued a tax deed to said property. The appellants remained in possession and continued to pay the annual taxes levied against said property and during such time made substantial improvements to the property. At the time they attempted to pay the 1957 taxes, due and payable in the spring of 1958, they were informed by the Madison County Treasurer that the appellees had been issued a deed to said property.

Pursuant to Acts 1919, ch. 59, §293, p. 198, the same being Burns' 64-2240, the appellants' attorney tendered $45.13 to the appellees, representing the amount they had paid together with statutory interest and requested a deed of release, which was refused by the appellees. The appellants then tendered $45.13 to the Clerk of the Madison Circuit Court for the benefit of the appellees and filed this cause of action.

The issues were formed by the appellants' amended complaint which alleges the invalidity of the appellees' tax title deed for the following reasons:

1) that at the time of the tax sale the appellants were the duly recorded owners of the real estate in question and they had paid all of their taxes shown upon their tax receipt to be due and payable for all preceding years;

2) that the Auditor of Madison County at the time of the advertisement of the tax sale improperly advertised the delinquency under a name other than the appellants whose names are described as being owners on the tax duplicate;

3) that appellants, as owners, were never at any time given notice of the tax sale as prescribed by law by demand upon them for payment by registered United States mail or by call, either by the County Treasurer or his deputy;

4) that the appellees, through fraud, actual or constructive, concealed their tax title deed from appellants until in excess of one year from the time appellees were issued their tax title deed by the County Auditor.

The appellees filed an answer in three paragraphs to said amended complaint. The first paragraph, in compliance with Rule 1-3 of the Supreme Court, denied the alleged invalidity of the tax title deed. A second paragraph, in the form of a special answer, denied the duty of the appellees to give notice to the appellants of the tax sale. The third paragraph of affirmative answer raised the issue of the statute of limitations as a bar to the action, contending that the appellants were required to institute an action to contest the validity of the appellees' tax title deed within one year after its execution.

The appellants filed a reply in denial to the second paragraph of the appellees' affirmative answer. The appellants further filed a reply to appellees' third paragraph of affirmative answer, denying therein the allegations thereof claiming that the allegations of fraud contained in the appellants' complaint tolled the running of the statute of limitations.

The appellees filed a cross-complaint against the appellants seeking to quiet title to said real estate in themselves to which cross-complaint the appellants filed an answer alleging therein the invalidity of the appellees' title by virtue of the invalid tax sale.

Thereafter the appellees filed an affidavit for change of venue from the county, and were granted

such change. The cause was then venued to the Grant Circuit Court.

Trial was had by jury, and, at the close of the presentation of the appellants' evidence, the appellees filed a motion for a directed verdict on the issue of fraud, which motion was sustained by the court. The court then removed the consideration of the remaining issues from the jury and made a finding for the appellees and entered judgment thereon.

The appellants in compliance with Supreme Court Rule 2-6 filed their motion for a new trial, which was overruled and judgment was entered for the appellees. The overruling of appellants' motion for a new trial is the sole assignment of error.

One of the specific errors alleged by the appellants in their motion for new trial is that the decision is contrary to law.

The appellants allege that the Madison County Auditor did not comply with the statutory requirements pertaining to the sale of real property for taxes and that therefore the tax deed issued to the appellees is void. In particular the appellants allege that there was no notice given to them of the tax sale as the auditor did not give notice to the record title holder appearing on the tax duplicate in the auditor's office but rather gave notice to the record title holder appearing on the ditch assessment sheet, which procedure is not in compliance with the notice requirement in the statute governing tax sales; and therefore appellees' tax deed is void.

The appellees contend that the real estate was sold for a delinquent ditch assessment, or for the nonpayment of a special tax and the person who is required to receive notice of such tax sale is not the current record title holder appearing on the tax du-

plicate in the auditor's office but rather notice is required to be given to the record title holder appearing on the special ditch duplicate or assessment sheet. The appellees assert that the appellants, not being record-title holders at the time this ditch was ordered constructed and the assessment against the property approved, had no right to notice despite the fact that the appellants were in fact the record title holders, as disclosed by the tax duplicate, at the time of tax sale.

In order to resolve this question it is necessary to review the statute governing the collection of delinquent ditch assessments.

Acts 1933, ch. 264, §34, p. 1168, as amended, the same being Burns' §27-134, provides that if assessments for the construction of a public ditch or drain are not paid in whole or in part:

" . . . Such assessment shall constitute a lien upon such tracts or parcels of land, respectively, and shall be collected at the same time and in the same manner as taxes are collected; and when collected shall be applied to the ditch improvement fund; and in the event that such assessments, or one or more of them, shall not be paid when due, such failure to pay shall result in the same penalties as attach upon the non-payment of taxes, as provided in cases of delinquent taxes, and such lands shall, upon the failure of payment of such assessments or installments, or any part thereof, be placed upon the list of lands to be sold at tax sale and *shall be sold at tax sale at the same time,* except as hereinafter provided, *and in the same manner as is provided for under the general law for making tax sales. . . .*" (Emphasis supplied)

It is obvious that the above quoted statute leaves no doubt that the procedure to be followed in the collection of delinquent ditch assessments is to be found in the statutes which prescribe the procedure for the collection of delinquent general taxes. It is therefore

necessary to review the statute prescribing the procedure that the county auditor is required to follow in giving notice of a tax sale, which is Acts of 1919, ch. 59, §260, p. 198, as amended, the same being Burns' 64-2203, and which reads in part as follows:

" . . . The notice of sale shall be sufficient . . . *if it contains the name or names of the fee simple owner or of the persons shown on the tax duplicate* as owners thereof, and if it contains such a description of the real estate from which the same may be identified. . . ." (Emphasis supplied)

The appellees cite no authority to support their contention that the term "on the tax duplicate" refers to a special "ditch duplicate" maintained in the County Treasurer's office. We are of the opinion that the statute is unequivocally clear that the term "on the tax duplicate" does not refer to a "ditch duplicate" which only reflects the record title holder as of the date of the assessment of the ditch lien; but clearly and succintly refers to the regular tax duplicate compiled from the transfer book in the auditor's office and which discloses the name of the current record title holder. If this court should hold otherwise our holding and decision would conflict with the decision of the Supreme Court of the United States as announced in *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U. S. 306, 70 S. Ct. 652, 94 L. Ed. 865, where the court said:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality, *is notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."* (Emphasis supplied)

There is presented here two interpretations of the

statutory language providing for notice to the interested parties of a pending tax sale involving a delinquent ditch assessment. The appellees' interpretation would require notice be given to the record title holder appearing on the treasurer's ditch assessment record which may or may not be the current record title holder. On the other hand the appellants' interpretation would be to require notice to the actual record title holder at the time of the tax sale. For this Court to say that the former is the correct interpretation would be in conflict with the *Mullane* case and not be a "method reasonably calculated under all the circumstances to apprise interested parties of the pendency of the action," *Mullane* v. *Central Hanover Bank & Trust Co., supra.* Clearly the proper party to be notified is the person who is to suffer the forfeiture of his property and not merely a former record title holder who has divested himself of any interest in the property. Therefore this Court rejects the appellees' contention that the term "tax duplicate" as used in Acts of 1919, ch. 59, §260, means a "ditch duplicate."

In light of the testimony of the chief deputy auditor of Madison County that the record title holder to whom notice was given was taken from the special ditch assessment duplicate and not from the regular tax duplicate as taken from the transfer book in the auditor's office, we therefore hold that improper notice of the tax sale was given and that the appellees' tax deed is therefore void. See, *Gradison* v. *Logan* (1963), 135 Ind. App. 185, 190 N. E. (2d) 29.

The appellees further have raised the contention that the statute of limitations bars this action contesting the validity of their tax deed. However, it is well settled that the statute of limitations requiring suit within one year from date of

execution of the tax deed does not commence to run until the purchaser goes into possession of the land. *Mott* v. *Fiske, et al.* (1900), 155 Ind. 597, 58 N. E. 1053; *Burton* v. *Martin Oil Service Inc.* (1961), 295 Fed. (2d) 679 (7th C).

By reason of the conclusions reached herein on the question of the validity of the appellees' tax deed, it is not necessary to discuss the remaining issues raised by the appellants.

This cause is hereby reversed with instructions to the trial court to set aside the appellees' tax deed; to render judgment on the appellants' amended complaint to quiet title; and to take such other action not inconsistent herewith.

Reversed with instructions.

Bierly, C. J., Prime, P. J., Carson, Faulconer and Mote, JJ., concur.

Hunter, J., not participating.

While Judge Martin participated in the hearing of the oral argument and conference of the Judges above named, he concurred in the result at the time of the conference but did not participate in the adoption of this final opinion.

### ON PETITION FOR REHEARING.

SMITH, J.—The appellees on behalf of their petition for rehearing insist that the Bill of Exceptions containing the evidence is not properly in the record for the reason that the clerk's certificate to the transcript does not authenticate such bill of exceptions. The appellees submit that Rule 2-3 of the Supreme Court requires that every bill of exceptions tendered, prior to the filing of the transcript in the Appellate Court, shall be filed with the Clerk, which filing may be evidenced by the Clerk's certificate.

The appellees argue that the Appellate Court recited facts which appear in the bill of exceptions, not shown filed with the Clerk, which the Court used as a basis for reversal of the judgment and that by reason of this fact the appellees are being denied the equal protection of the law within the consititution of the State of Indiana as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

Assuming, without deciding, that a defect exists in the clerk's certificate, the appellees are not now in a position to raise the question. On April 30, 1964, the appellees petitioned for and received an extension of time to file their answer brief. Rule 2-16 of the Supreme Court requires the petition to "state facts showing that the court in which the cause is pending has jurisdiction and that *the briefs will be on the merits*." (emphasis supplied) An objection that the clerk's certificate to the bill of exceptions is not in the record does not go to the merits of the appeal and by their petition for extension of time the alleged error was waived. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. (2d) 629; *Brodt* v. *Duthie* (1933), 97 Ind. App. 692, 186 N. E. 893.

Petition for rehearing denied.

NOTE.—Reported in 208 N. E. 2d 692. Rehearing denied in 209 N. E. 2d 737.