LANGFORD ET UX. *v.* ANDERSON BANKING CO.

[No. 469A69. Filed May 6, 1970.]

*Paul W. Kelley, Kelley, Arnold & Kelley,* Anderson, for appellants.

*John A. Farr, Jr., Busby, Austin, Cooper & Farr,* Anderson, for appellee.

SHARP, J.—The Appellee, Anderson Banking Company, filed its complaint on note and to foreclose mortgage on March 31, 1960. The complaint alleged that on November 30, 1950, Harold E. Gallamore and Evelyn Cecelia Gallamore as husband and wife executed their promissory note to the Appellee, which promissory note was secured by a real estate mortgage of the same date on the real estate here in question executed by the Gallamores as mortgagors to the Appellee as mortgagee. Subsequently, Evelyn Cecelia Gallamore died and Harold E. Gallamore thereafter conveyed said real estate to the Appellants, Estle C. Langford and Mary C. Langford by a warranty deed dated June 13, 1952, in which warranty deed the Langfords agreed to assume and pay said mortgage to the Appellee. Said complaint further alleges that the Appellants as of April 1,

1960, were more than 12 installments delinquent on said note and mortgage and therefore were in default.

The Appellants filed answer in three legal paragraphs. The first legal paragraph was in admission and denial under Rule 1-3 of the Rules of the Supreme Court. The second legal paragraph was denominated as a third amended cross-complaint. The material allegations of Appellants' third amended cross-complaint are:

"(1) That on or about the 15th day of June, 1952, the cross-complainant approached the plaintiff herein for a mortgage loan upon the premises located at 2508 East 6th Street, Anderson, Indiana, and being more particularly described as follows:

Lot numbered 274 in Homewood Addition in Anderson Township, as shown by Plat Book 7, Page 94, Records of Madison County, Indiana

That plaintiff orally agreed to extend defendants a loan upon the premises if title was good and the property was unencumbered after the plaintiff's attorney examined the abstract of title.

(2) That on July 21, 1952, the plaintiffs' agent and attorney, Phillip S. Cooper, examined the defendants' abstract of title to the said real estate, and that the plaintiffs engaged Mr. Cooper in their behalf and he noted various liens and encumbrances against defendants' property among which was the following, to wit: 'At Page 7 of Part three is shown a drainage assessment in the amount of $3.30 which is a lien against the real estate', that a letter was written addressed to the defendants by plaintiff's agent and attorney, Cooper, which said letter is made a part of this complaint and marked Defendant's Exhibit 'A'.

(3) That on August 2, 1952, defendants paid the plaintiff the sum of $15.00 in consideration of plaintiff's attorney and agent for the examination of their abstract of title payment of which is shown by defendants' receipt which is made a part hereof and marked Defendants' Exhibit 'B'.

(4) That the plaintiff herein instead of mailing the letter of their attorney and agent to the defendants, retained it in their files, but granted the mortgage loan, but continued to conceal notice of the lien above shown, from the plaintiffs through their failure to so mail the letter addressed to defendants; that under the terms of the oral contract the

plaintiffs were under a duty to notify the cross-complainants after examination of abstract by plaintiffs' agent, if any encumbrances existed against cross complainant's property.

(5) That on April 12, 1954, Lot #274 in Homewood Addition, as above described, was advertised and sold for a delinquent ditch assessment described in rhetorical paragraph three (3) of this complaint. That at the said sale Grace B. DeArmond and William E. DeArmond purchased the said lot and were issued a tax certificate by the Madison County Auditor, dated April 12, 1954.

(6) That the cross complainants herein continued to pay the taxes due and payable on Lot 274 in Homewood Addition for the years payable in 1953, 1954, 1955 and 1956 and 1957.

(7) That when they sought to pay the taxes due and payable in the Spring of 1958, that the DeArmonds had been given a tax title deed to Lot #274, dated April 13, 1956, by the Auditor of Madison County.

(8) That the knowledge of the tax sale was gained by the defendants and cross complainants as they sought to pay their taxes when they found that the title had been transferred into the names of DeArmonds, at which time they went to the Anderson Banking Company and found a copy of the letter which had previously been addressed to them in the files of the said Anderson Banking Compny and hereinbefore marked plaintiffs' Exhibit 'A'.

(9) That subsequent thereto, the defendants and cross complainants herein, instituted an action against the DeArmonds to set aside the tax title deed, in which judgment was adversely rendered against the cross complainants. That subsequent to the adverse judgment the cross complainants appealed the judgment to the Appellate Court of Indiana in which case the trial court was reversed in favor of cross complainants herein.

(10) That in regaining title to cross complainant's property above described, in addition to preserving plaintiff's mortgage against it, they incurred expenses of attorney fees and local counsel in trial and Appellate Court of the sum of $5,405.75, brief printing and appeal cost in the amount of $1,066.00, loss of earnings in appearing in Court, approximately $800.00, and other necessary expenses.

(11) That demand was subsequently made upon the Anderson Banking, both by the defendants' attorney and

by the defendants personally for the loss sustained, but that the demand was refused.

(12) That by virtue of the facts as alleged in rhetorical paragraphs 1 through 4 whereby if upon examination of the cross complainant's abstract of title showed no encumbrances thereon that the plaintiffs would extend a loan unto the cross complainants, and that by virtue of this said breach of oral contract by the plaintiff, Anderson Banking Company, the defendants and cross complainants herein have been damaged to the extent of the sum of ten thousand ($10,000.00) dollars."

The third legal paragraph of answer was denominated as a Special Answer, which stated:

"1. That the plaintiffs through their failure to notify defendants that there was an existing ditch lien upon their property, which is the property against which plaintiffs seek to foreclose, caused defendants to believe there were no existing liens against said property when in fact there was a ditch lien.

2. That such implied representation on the part of plaintiffs was false and fraudulent, either actually or constructively.

3. That defendants were ignorant of the fasity of plaintiff's representation and acted in good faith in relying upon such representation and were induced to execute this mortgage in favor of plaintiff.

4. That the defendants as a result of plaintiff's misrepresentation suffered damage in that they were required to extensively defend their rights to ownership of this property against others."

The Appellee's answer to the third amended cross-complaint of the Appellants' stated:

"1. That it admits the allegations contained in Rhetorical Paragraph 11 of said Defendants' Third Amended Cross-Complaint.

2. That it denies the allegations contained in Rhetorical Paragraphs 1, 2, 3, 4 and 12 of said Third Amended Cross-Complaint.

3. That it is without knowledge concerning the truth of the allegations contained in Rhetorical Paragraphs 5, 6, 7, 8, 9, and 10 of said Third Amended Cross-Complaint."

Appellee also filed a Reply to the Special Answer of the Appelants which merely denied all the material allegations thereof.

The case was tried by the court without the intervention of a jury. In its judgment the trial court found for the Appellee on its complaint and entered a judgment and decree of foreclosure. The trial court found against the Appellants on their third amended cross-complaint and entered judgment accordingly.

The Appellants filed a Motion for a New Trial, the sole grounds of which were stated in the following form:

"That the decision is not sustained by sufficient evidence and is contrary to law."

In their memorandum attached to said Motion for a New Trial under Rule 1-14 (b) the Appellants stated:

"1. For first grounds for new trial, the cross-complainants allege that the Court erred in foreclosing the plaintiff's non-existent real estate mortgage.

When Grace B. DeArmond and William E. DeArmond obtained a tax title deed from the Auditor of Madison County on April 13th, 1956, for Lot No. 274 in Homewood Addition, subject matter of the mortgage, they took it free and clear of plaintiff's mortgage and all encumbrances. Under Burns Indiana Statute 64-2203 the plaintiff's mortgage had already been extinguished when it was foreclosed.

2. Foreclosure of a real estate mortgage is an equitable proceeding and the plaintiff is estopped from seeking equity to enforce foreclosure of their mortgage with approximate expense of the sum of $1,500 for they do not come into equity with clean hands. The plaintiff is seeking enforcement of foreclosure and damages when their own equitable conduct is a matter with relation to which they seek relief and to grant them such relief is most unconscionable and error on the part of the Court.

3. For the third ground for new trial the cross-complainants allege that the Court erred in sustaining plaintiff's motion for a finding for the plaintiff, Anderson Banking Company, and against the defendants on their third amended cross-complaint based upon the mere fact that the

deed from the Gallamores to the Langfords (Plaintiff's Exhibit 3) was dated and recorded prior to plaintiff's agent, Philip Cooper's abstract opinion (defendant's Exhibit A) and that cross-complainants did not rely on the opinion in seeking the mortgage. These dates were insignificant.

The cross-complainants had no way of knowing when the deed to them was executed and recorded, inasmuch as they had nothing to sign. The basis and theory of cross-complainants' action is fraud and deceit and breach of contract in that plaintiff failed to inform the defendants of plaintiff's agent's letter of July 21, 1952, (Defendants' Exhibit A) and the contents thereof resulting in the tax sale for unpaid drainage assessment and damages incurred by cross-complainants in securing the return of their property."

The sole assignment of error here is the trial court's overruling Appellants' Motion for a New Trial.

The record discloses that on July 21, 1952, the attorney for the Appellee wrote an abstract opinion in the form of a letter to the Appellants with regard to the title of the real estate here in question. One of the items pointed out in said abstract opinion was the existence of a $3.30 drainage ditch assessment. This opinion was rendered by the Appellee Bank although there is some dispute as to whether or not one or both of the Appellants ever read it. However, the Appellee Bank did approve of the assumption of the real estate mortgage in question by the Appellants. The Appellee emphasizes the abstract opinion was dated after the conveyance to the Appellants from Gallamores on June 13, 1952.

In 1954, the real estate in question was sold at a tax sale to satisfy a delinquency in the drainage ditch assessment. The Appellants did not discover the existence of said tax sale until 1958, and thereafter brought a quiet title action, the principal basis of which was the voidness of the tax sale proceedings. That case was appealed to this court in *Langford et al.* v. *DeArmond et al.*, 137 Ind. App. 439, 208 N. E. 2d 692 (1965), reh. den., 209 N. E. 2d 737. In that case this court in effect declared that the tax sale was void and that

the title to said real estate was quieted in the Appellants herein.

The Appellee contends that no question is presented for review by reason of the form in which the Appellants have framed their grounds for a New Trial. In *Barbee* v. *McKay*, 143 Ind. App. 205, 238 N. E. 2d 690, 693 (1968), this court stated:

> "Attention is directed to the fact that where the statute reads in the disjunctive, the Appellant has chosen to state this one assignment in the conjunctive. In *Clemans Truck Lines, Inc.* v. *Vaughn*, 1966, Ind. App., 220 N. E. (2d) 351, Page 356 this court said: 'Before discussing this portion of Appellants' argument, it should be noted that under Burns Annotated Statute Section 2-2401 (1946 Replacement), the grounds for a new trial that the verdict is not sustained by sufficient evidence or is contrary to law are separate grounds. *Thus, if joined together, both must be demonstrated before a reversal can be had on these grounds.* See *Coats* v. *Veedersburgh State Bank*, 1942, 219 Ind. 675, 679, 38 N. E. (2d) 243. Thus, if one of the two is not demonstrated as grounds for a new trial, there is no ground for reversal." (our emphasis)

However, it is not necessary for us to base our decision on the formal inadequacy of the Appellants' Motion for a New Trial.

The decision of the trial court in denying relief on the Appellants' third amended cross-complaint is in effect a negative judgment. It is difficult to determine whether the Appellants are contending that it was error to grant the Appellee relief on its complaint or whether it was error to deny the Appellants relief on their third amended cross-complaint.

A decision against one with the burden of proof is a negative decision against him and may not be attacked on the grounds that there is a lack of sufficient evidence to sustain it. That the decision is not sustained by sufficient evidence is not available to the Appellants from the negative decision of the court as to their third amended cross-complaint. See *State Farm Life Insurance Company* v.

*Spidel,* 246 Ind. 458, 202 N. E. 2d 886 (1964); Wiltrout, Indiana Practice, Vol. 2, § 1768, pages 528 and 529.

The Appellants make a unique argument in regard to the effect of Burns' Indiana Statutes Annotated, § 64-2203, and the opinion of this court voiding such tax title sale in *Langford* v. *DeArmond, supra.* Appellants apparently argue that even though the net effect of the opinion of this court voiding said tax title deed that they may still claim the benefits of Burns' Indiana Statutes Annotated, § 64-2203, to abolish all other liens and encumbrances, especially the lien of the mortgage to the Appellee. Such an argument is absolutely fallacious and without merit as evidenced by the fact that no authority whatsoever is cited by the Appellants for it. It is readily apparent that the net effect of the decision of this court in *Langford* v. *DeArmond, supra,* was to wipe out and void the tax title sale and tax title deed *ab initio.* In other words, such proceedings were void from the beginning and therefore it is elementary that the Appellants cannot now claim the benefits of Burns' Indiana Statutes Annotated, § 64-2203, which is predicated upon tax sale proceedings which are valid.

The Appellants further attempt to argue proceedings to foreclose a real estate mortgage are equitable in nature and that the Appellee has not come into court with clean hands. The substance of this contention seems to be that the Appellee was somehow obligated to assist the Appellants in the proceeding to have the tax title sale and deed voided. Nowhere in the Appellants' Brief is this alleged duty defined. Additionally, under this argument the Appellants make some reference to constructive fraud on the part of the Appellee. The Appellants cite no authority which even remotely relates these contentions to this case.

Lastly, the Appellants make some argument with reference to the abstract opinion and an alleged oral agreement. In this regard Appellants' argument is on less than one page

of their Brief and contains absolutely no citation of authority. This section of Appellants' Brief is as follows:

"It is earnestly submitted the trial Court erred in sustaining plaintiff's motion for a finding for the Appellees and against the Appellants on their third amended cross complaint. This motion was addressed upon the single theory of defendant's answering to the fact that they relied upon the examining attorney's before completing the real estate transaction, when, in fact, they assumed the mortgage at the time of their original visit to Appellee's banking institution unwittingly. True, the deed from the Gallamores to the Appellants (Appellees Exhibit 3) was dated and recorded prior to Appellee's abstract opinion (Appellant's Exhibit A). The Appellants nevertheless were relying upon it in advance of the banking institution's instructions. These dates were insignificant. The appellants had no way of knowing when the deed to them was executed and recorded. They merely assumed the mortgage and had nothing to sign, nor did they. The real estate mortgage and deed itself were securely kept in the Appellee's files.

Appellants, through their cross complaint based the counter-action upon the theory of breach of contract on part of Appellees under the allegations of rhetorical paragraphs 1, 2, 3, 4, and 12. Clearly, the facts were proved by the Appellants and the trial Court did not make a specific finding upon the elements of Contract, which was even pleaded by Appellants. The facts alleged and proved by Appellants were not contradicted by Appellees, or other testimony. This error is again recited in Appellant's final paragraph of memorandum to their motion for new trial."

It should also be pointed out that this record is void of any showing where Appellants ever requested any special findings of fact and conclusions of law. It is generally true that a trial court may make a general finding unless special findings are requested. Burns' Indiana Statutes Annotated, § 2-2102. (There is also no contention here that the trial court was bound by Rule 1-7B of the Rules of our Supreme Court to make special findings).

The Appellants have failed to demonstrate any reversible error by the trial court in finding for Appellee on Appellants' third amended cross-complaint.

It is only where the evidence is without conflict and leads to only one conclusion, and the trial court has reached a contrary conclusion, that the decision will be disturbed ■ as contrary to law. That is, where it affirmatively appears that reasonable men could not have arrived at the same judgment. *Edwards* v. *Wyllie*, 246 Ind. 261, 203 N. E. 2d 200 (1965). If a decision is contrary to law, only the evidence most favorable to it will be considered. *Walting* v. *Brown*, 139 Ind. App. 18, 211 N. E. 2d 803 (1965).

Where the claim is made that the decision is not sustained by sufficient evidence, this court on appeal will look only to the evidence which tends to support the decision of the trial court. See *Jones* v. *State*, 244 Ind. 682, 195 N. E. 2d 460 (1964), and Wiltrout, Indiana Practice, Vol. 2, § 1768, page 530. There is sufficient evidence in the record of this case to support the decision of the trial court in granting the Appellee relief on its complaint and such decision is not contrary to law.

This court cannot search the record to reverse a judgment. See *Hayes* v. *Pennick*, 137 Ind. App. 55, 204 N. E. 2d 882 (1965).

The judgment should be and hereby is affirmed. Costs v. Appellants.

Hoffman, P.J., Pfaff and White, JJ., concur.

NOTE.—Reported in 258 N. E. 2d 60.