**Owen W. CRUMPACKER, and Mary Eleanor N. Crumpacker, Plaintiffs,**

v.

**UNITED STATES of America; James Gaius Watt, Secretary of the Interior; Donald T. Regan, Secretary of the Treasury; William F. Smith, Attorney General of the United States; Frederick L. Meyer, Land Acquisition Agent, National Park Service; and Andrew P. Baker, Assistant United States Attorney for the Northern District of Indiana, Hammond Division, Defendants.**

No. H 81–209.

United States District Court, N.D. Indiana, Hammond Division.

March 22, 1983.

Owen W. Crumpacker and Mary Eleanor N. Crumpacker, pro se.

Joseph S. Reid, Charles B. Miller, Asst. U.S. Atty., Hammond, Ind., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge: *

Plaintiffs Owen W. Crumpacker and Mary Eleanor N. Crumpacker ("the Crumpackers") have filed this lawsuit seeking to quiet title in a parcel of real estate located in Porter County, Indiana, known as Tract No. 02–128. Jurisdiction is asserted pursuant to 28 U.S.C. § 1346(f) and 28 U.S.C. § 2409a(a).[1] Presently pending before the Court is the United States' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or in the alternative for summary judgment.[2] For reasons set forth below, the United States' motion for summary judgment is granted.

In October, 1970, the United States filed a complaint in condemnation to acquire land for the Indiana Dunes National Lakeshore; Tract No. 02–128 was included among the tracts of land sought by the government. Several members of the Crumpacker family and Edward Warner were named as defendants. On August 22, 1977, the trial court dismissed the Crumpackers without prejudice from the action, which proceeded to trial. A jury awarded a judgment of $120,000 to Warner, the value of the tract, and the Crumpackers appealed from this award. In *United States v. 88.28 Acres of Land, More or Less, Situated in Porter County, Indiana,* 608 F.2d 708 (7th Cir.1979), the Seventh Circuit held that the dismissal of the Crumpackers from the lawsuit without determining if they had an interest in the condemned land was erroneous. 608 F.2d at 708. But the district court's judgment was affirmed, since dismissal did not affect the Crumpackers' substantive rights. As the Seventh Circuit pointed out, the Crumpackers could pursue their claim in either the Court of Claims or in federal district court pursuant to 28 U.S.C. §§ 1346(f) and 2409a. The Crumpackers chose to pursue the latter course in the instant lawsuit, filed on April 28, 1981.

The Crumpackers argue that they are and have always been the owners in fee simple of the tract of land at issue in this case. They point to a decree of the Porter County Superior Court dated April 18, 1981, which purports to quiet title to Tract 02–128. That decree, according to the Crumpackers, declared void a tax certificate and auditor's deed acquired by Edward Warner

---

* On August 12, 1980, plaintiffs in the instant case named as defendants in a civil rights suit the judges of the United States District Court for the Northern District of Indiana. *Crumpacker v. Civiletti,* Hammond 90 F.R.D. 326 (N.D.Ind.1980). As a result, all judges in this district recused themselves pursuant to 28 U.S.C. § 455 from all litigation involving these plaintiffs. On September 16, 1980, the Honorable Thomas E. Fairchild, then Chief Judge for the United States Court of Appeals for the Seventh Circuit, designated this Court pursuant to 28 U.S.C. § 292(b) as a special district court for the Northern District of Indiana for the purpose of presiding over this and other cases involving Owen and Eleanor Crumpacker.

1. 28 U.S.C. § 2409a(a) provides, in pertinent part, that

The United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest.  . . .

28 U.S.C. § 1346(f) states that

The district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States.

2. The United States also moved to dismiss the individually named federal defendants. An examination of 28 U.S.C. § 2409a supports the government's contention that that section does not provide for lawsuits against individual federal employees. *See* footnote 1, *infra.* The individually named federal defendants are therefore dismissed. It is so ordered.

in 1951 for Tract 02–128. Because Frederick C. Crumpacker permitted taxes on Tract 02–128 to become delinquent in the late 1940's, Warner bought the land at a tax sale in 1949 and received a tax deed for the property in 1951. The April 18, 1981, decree to which the Crumpackers refer arose out of a suit to quiet title against Warner filed by members of the Crumpacker family in 1956. Subsequent to the April 18, 1981, decree, however, the Porter County Superior Court granted the government's motion to remove the suit against Warner to this Court, where it has been identified as Civil No. H 81–234.

In its motion to dismiss or for summary judgment, the government argues that the Crumpackers' 1956 suit was barred by a statute of limitations.[3] The tax deed was executed on August 8, 1951, and recorded on October 3, 1951. According to the relevant section of Burns Indiana Code, effective in 1951,

> No action to contest the validity of any title acquired as a result of any sale of any real estate under this Act [relating to tax sales] shall be brought after the expiration of any one year from the date of execution of the [tax] deed.

Ind.Code Ann. § 64–2244 (Burns 1951). It thus appears that the Crumpackers' 1956 lawsuit, as well as any other attempts to challenge the validity of Warner's title, may have been barred by the above statute of limitations. However, we are mindful of the Seventh Circuit's discussion of this very issue:

> It must be remembered that Edward Warner's claim of title rests on a tax deed, a document not always regarded highly by the courts. Because purchasers at tax sales often pay only a small percentage of the true value of the land sold, the courts have been reluctant to disseize a delinquent landowner and have relied upon sometimes minor irregularities in the assessment of the tax or in the conduct of the tax sale in order to invalidate

the deeds. *See Long v. Anderson,* 536 F.2d 739 (7th Cir.1976) (applying Indiana law). The statute of limitations purporting to shield a tax deed from attack after one year has, accordingly, been given a narrow construction by the Indiana courts despite its seemingly broad terms. *See Langford v. DeArmond,* 137 Ind.App. 439, 447–48, 208 N.E.2d 692, 697 (1965) (limitation period does not begin to run until the purchaser goes into possession of the land); *Gradison v. Logan,* 135 Ind. App. 185, 190 N.E.2d 29 (1963) (substantial irregularities in procedure prior to or during tax sale render subsequently issued tax deed void *ab initio.* Such a deed is not protected from later attack by the statute of limitations). Thus, we cannot say with certainty on the basis of the meagre record before us that the Crumpackers' quiet title suit was untimely under Indiana law or that their claim to the property is without merit.

608 F.2d at 713–14. An examination of the government's motion for summary judgment and the parties' briefs in the instant case led this Court to reach a conclusion identical to that reached by the Seventh Circuit: there was insufficient information in the record before us to conclude that the Crumpackers' suit was untimely or meritless. Accordingly, we entered the following order on January 27, 1983:

> Plaintiffs are ordered to submit to this Court, on or before February 7, 1983, the material factual issues, if any, which would render void the tax sale of August 8, 1951 to Edward Warner and thus make the relevant statute of limitations inapplicable to the instant case. Defendants to reply by February 18, 1983.

The Crumpackers have failed to reply to the above order; as a result, the government has moved this Court to dismiss this cause of action with prejudice. The Crumpackers' failure to respond to our order *in itself* provides us with an adequate basis to dis-

---

**3.** The government also argues that the Crumpackers' 1956 lawsuit was dismissed pursuant to Indiana Trial Rule 41(E) on September 10, 1973, for want of prosecution, and that plain-

tiffs' attempt to set aside this dismissal on November 12, 1980, was barred by Trial Rule 60(B). Our resolution of this case renders unnecessary a ruling on this point.

miss this action.[4] However, we also observe that the Crumpackers' failure to present this Court with any facts which might indicate that the statute of limitations should be disregarded or narrowly construed gives rise to an inference that no such facts exist, and that there were no irregularities surrounding the tax sale to Warner. It thus appears that Warner's deed would be protected from later attack by the statute of limitations.

Accordingly, the government's motion for summary judgment is granted. It is so ordered.

---

**4.** Fed.R.Civ.P. 41(b) states that

For failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

The Crumpackers, moreover, failed to file a response to the government's motion to dismiss or for summary judgment until December 13, 1982, notwithstanding the fact that the government filed its motion on July 21, 1981.